UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

LEVI YODER, JONAS ZOOK, SAM ZOOK, JOHN L.
HERSHBERGER, MENNO S. HERSHBERGER, URIE
HERSHBERGER, MENNO L. GLICK, ANDY A. MILLER,
DANNIE L. SCHWARTZENTRUBER, MOSIE
SCHWARTZENTRUBER, PETER D. SCHWARTZENTRUBER,
BISHOP HARVEY MILLER, and BISHOP MOSE MILLER,

|                                    |                                         |
|------------------------------------|-----------------------------------------|
| Plaintiffs,                        | **Civil Case No.: 09-cv-0007**          |
|                                    | **(TJM/GHL)**                           |

- against -

TOWN OF MORRISTOWN, LANETTA KAY DAVIS, in her
official capacity; FRANK L. PUTMAN, in his official capacity;
HOWARD WARREN, in his official capacity; DAVID STOUT, III,
in his official capacity; MARK BLANCHARD, in his official
capacity; CHRISTOPHER COFFIN, in his official capacity; and
GARY TURNER, in his official capacity,

Defendants.

## ANSWER

As and for their Answer to Plaintiffs' January 6, 2009 Complaint, Defendants, Town of Morristown, Lanetta Kay Davis, Frank L. Putman, Howard Warren, David Stout, III, Mark Blanchard, Christopher Coffin, and Gary Turner (hereinafter collectively "Defendants") by and through their attorneys, Lemire Johnson, LLC, set forth as follows:

1. As to the allegations contained in paragraph "1" of the Complaint herein: acknowledge that Plaintiffs advance certain allegations; and deny all remaining allegations, statements, and inferences contained therein.

2. As to the allegations contained in paragraph "2" of the Complaint herein: acknowledge that Plaintiffs seek to advance certain claims; refer all matters of law contained therein

-1-

to the Court; and deny all remaining allegations, statements, and inferences contained therein.

3.      As to the allegations contained in paragraph "3" of the Complaint herein: admit that Kay Davis is the Code Enforcement Officer of the Town of Morristown; admit that the Town of Morristown enacted Local Law #4 of 2006; admit that Local Law #4 regulates certain aspects of the construction of residential housing; deny knowledge or information sufficient to form a belief as to Plaintiffs' purported faiths; and deny all remaining allegations, statements, and inferences contained therein.

4.      As to the allegations contained in paragraph "4" of the Complaint herein: admit that some of the Plaintiffs received citations for building or moving structures without a permit pursuant to Local Law #4; admit that citations are currently before a Court of appropriate jurisdiction; deny knowledge or information sufficient to form a belief as to the issuance of citations to other unspecified landowners since the enactment of Local Law #4; and deny all remaining allegations, statements, and inferences contained therein.

5.      As to the allegations contained in paragraph "5" of the Complaint herein: admit that certain building permits were denied for, *inter alia,* failure and/or refusal to submit construction documents prepared and approved by an architect; and deny all remaining allegations, statements, or inferences contained therein.

6.      Deny all allegations, statements, and inferences contained in paragraph "6" of the Complaint herein.

7.      Deny all allegations, statements, and inferences contained in paragraph "7" of the Complaint herein.

8.      Deny knowledge or information sufficient to form a belief as to the allegations,

-2-

statements, and inferences contained in paragraph "8" of the Complaint herein.

9.     Deny all allegations, statements, and inferences contained in paragraph "9" of the Complaint herein.

10.     As to the allegations contained in paragraph "10" of the Complaint herein: admit that the Town has lawfully enforced, *inter alia,* Local Law #4; deny knowledge or information sufficient to form a belief as to the unspecified incidents prior to 2006 which Plaintiffs refer to; and deny all remaining allegations, statements, and inferences contained therein.

11.     Deny all allegations, statements, and inferences contained in paragraph "11" of the Complaint herein.

12.     Deny all allegations, statements, and inferences contained in paragraph "12" of the Complaint herein.

13.     Deny all allegations, statements, and inferences contained in paragraph "13" of the Complaint herein.

14.     As to the allegations contained in paragraph "14" of the Complaint herein: refer all questions of law raised therein to the Court; and deny all remaining allegations, statements, and inferences contained therein.

15.     Deny all allegations, statements, and inferences contained in paragraph "15" of the Complaint herein.

16.     As to the allegations contained in paragraph "16" of the Complaint herein: acknowledge that Plaintiffs seek to invoke this Court's jurisdiction; refer all matters of law raised therein to the Court; and deny all remaining allegations, statements, and inferences contained therein.

17.     Admit the allegations contained in paragraph "17" of the Complaint herein.

18.     As to the allegations contained in paragraph "18" of the Complaint herein: deny knowledge or information sufficient to form a belief as to Plaintiff Levi Yoder's specific religious practices; admit that on or about September 26, 2007 Levi Yoder was issued a citation; admit that the citation is pending in the Town Court of the Town of Morristown; refer the Court to the citation for the true contents thereof; and deny all remaining allegations, statements, and inferences contained therein.

19.     As to the allegations contained in paragraph "19" of the Complaint herein: deny knowledge or information sufficient to form a belief as to Plaintiff Jonas Zook's specific religious practices; admit that on or about September 26, 2007 Jonas Zook was issued a citation; admit that the citation is pending in the Town Court of the Town of Morristown; refer the Court to the citation for the true contents thereof; and deny all remaining allegations, statements, and inferences contained therein.

20.     As to the allegations contained in paragraph "20" of the Complaint herein: deny knowledge or information sufficient to form a belief as to Plaintiff Sam Zook's specific religious practices; admit that on or about March 15, 2007 Sam Zook was issued a citation; admit that the citation is pending in the Town Court of the Town of Morristown; refer the Court to the citation the true contents thereof; and deny all remaining allegations, statements, and inferences contained therein.

21.     As to the allegations contained in paragraph "21" of the Complaint herein: deny knowledge or information sufficient to form a belief as to Plaintiff John L. Hershberger's specific religious practices; admit that on or about May 10, 2007 John L. Hershberger was issued a citation; admit that the citation is pending in the Town Court of the Town of Morristown; refer the Court to

the citation for the true contents thereof; and deny all remaining allegations, statements, and inferences contained therein.

22.    As to the allegations contained in paragraph "22" of the Complaint herein: deny knowledge or information sufficient to form a belief as to Plaintiff Menno S. Hershberger's specific religious  practices; admit that on or about May 10, 2007 Menno S. Hershberger was issued a citation; admit that the citation is pending in the Town Court of the Town of Morristown; refer the Court to the citation for the true contents thereof; and deny all remaining allegations, statements, and inferences contained therein.

23.    As to the allegations contained in paragraph "23" of the Complaint herein: deny knowledge or information sufficient to form a belief as to Plaintiff Urie Hershberger's specific religious practices; admit that on or about May 10, 2007 Urie Hershberger was issued a citation; admit the citation is pending in the Town Court of the Town of Morristown; refer the Court to the citation for the true contents thereof; and deny all remaining allegations, statements, and inferences contained therein.

24.    As to the allegations contained in paragraph "24" of the Complaint herein: deny knowledge or information sufficient to form a belief as to Plaintiff Menno L. Glick's specific religious practices;  admit that on or about May 10, 2007 Menno L. Glick was issued a citation; admit that the citation is pending in the Town Court of the Town of Morristown; refer the Court to the citation for the true contents thereof; and deny all remaining allegations, statements, and inferences contained therein.

25.    As to the allegations contained in paragraph "25" of the Complaint herein: deny knowledge or information sufficient to form a belief as to Plaintiff Andy A. Miller's specific

religious practices; admit that on or about July 20, 2006 Andy A. Miller was issued a citation; admit that the citation is pending in the Town Court of the Town of Morristown; refer the Court to the citation for the true contents thereof; and deny all remaining allegations, statements, and inferences contained therein.

26.     As to the allegations contained in paragraph "26" of the Complaint herein: deny knowledge or information sufficient to form a belief as to Plaintiff Dannie L. Swartzentruber's specific religious practices; admit that on or about January 25, 2008, Dannie L. Swartzentruber was issued a citation; admit that the citation is pending in the Town Court of the Town of Morristown; refer the Court to the citation for the true contents thereof; and deny all remaining allegations, statements, and inferences contained therein.

27.     As to the allegations contained in paragraph "27" of the Complaint herein: deny knowledge or information sufficient to form a belief as to Plaintiff Mosie Swartzentruber's specific religious practices; admit that on or about January 25, 2008, Mosie Swartzentruber was issued a citation; admit that the citation is pending in the Town Court of the Town of Morristown; refer the Court to the citation for the true contents thereof; and deny all remaining allegations, statements, and inferences contained therein.

28.     As to the allegations contained in paragraph "28" of the Complaint herein: deny knowledge or information sufficient to form a belief as to Plaintiff Peter D. Swartzentruber's specific religious practices; admit that in or about September 2008, Peter D. Swartzentruber was issued a citation; admit that the citation is pending in the Town Court of the Town of Morristown; refer the Court to the citation for the true contents thereof; and deny all remaining allegations, statements, and inferences contained therein.

29.     As to the allegations contained in paragraph "29" of the Complaint herein: deny knowledge or information sufficient to form a belief as to Plaintiff Harvey Miller's position, responsibilities or duties within the Amish community; and deny all remaining allegations, statements, and inferences contained therein.

30.     As to the allegations contained in paragraph "30" of the Complaint herein: deny knowledge or information sufficient to form a belief as to Plaintiff Mose Miller's position, responsibilities, or duties within the Amish community; and deny all remaining allegations, statements, and inferences contained therein.

31.     As to the allegations contained in paragraph "31" of the Complaint herein: admit that the Town of Morristown is a municipality duly organized, created, and existing by virtue of the Laws of the State of New York; admit that the Town of Morristown is empowered under the Laws of the State of New York to regulate the construction of buildings within the Town; refer all questions of law raised therein to the Court; and deny all remaining allegations, statements, and inferences contained therein.

32.     Admit the allegations contained in paragraph "32" of the Complaint herein.

33.     Admit the allegations contained in paragraph "33" of the Complaint herein.

34.     Admit the allegations contained in paragraph "34" of the Complaint herein.

35.     Admit the allegations contained in paragraph "35" of the Complaint herein.

36.     Admit the allegations contained in paragraph "36" of the Complaint herein.

37.     Deny all allegations, statements, and inferences contained in paragraph "37" of the Complaint herein.

38.     Admit the allegations contained in paragraph "38 of the Complaint herein.

39.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "39" of the Complaint herein.

40.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "40" of the Complaint herein.

41.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "41" of the Complaint herein.

42.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "42" of the Complaint herein.

43.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "43" of the Complaint herein.

44.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "44" of the Complaint herein.

45.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "45" of the Complaint herein.

46.     Deny all allegations, statements, and inferences contained in paragraph "46" of the Complaint herein.

47.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "47" of the Complaint herein.

48.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "48" of the Complaint herein.

49.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "49" of the Complaint herein.

50.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "50" of the Complaint herein.

51.    Deny all allegations, statements, and inferences contained in paragraph "51" of the Complaint herein.

52.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "52" of the Complaint herein.

53.    Deny all allegations, statements, and inferences contained in paragraph "53" of the Complaint herein.

54.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "54" of the Complaint herein.

55.    As to the allegations contained in paragraph "55" of the Complaint herein: acknowledge that members of the Amish community have made contributions to the community; and deny knowledge or information sufficient to form a belief as to the remaining allegations, statements, and inferences contained therein.

56.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "56" of the Complaint herein.

57.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "57" of the Complaint herein.

58.    As to the allegations contained in paragraph "58" of the Complaint herein: admit that Lanetta Kay Davis is currently the Code Enforcement Officer for the Town of Morristown; and deny all remaining allegations, statements, and inferences contained therein.

59.    Deny all allegations, statements, and inferences contained in paragraph "59" of the

Complaint herein.

60. As to the allegations contained in paragraph "60" of the Complaint herein: admit that Local Law #4 was approved in 2006; and deny all remaining allegations, statements, and inferences contained therein.

61. As to the allegations contained in paragraph "61" of the Complaint herein: admit that Local Law #4 articulates certain requirements for the issuance of building permits; refer the Court to Local Law #4 for the true contents thereof; admit that the Code Enforcement Officer of the Town of Morristown is charged with review and determinations regarding the sufficiency of building permit applications; and deny all remaining allegations, statements, and inferences contained therein.

62. As to the allegations contained in paragraph "62" of the Complaint herein: refer all questions of law raised therein to the Court; and deny all remaining allegations, statements, and inferences contained therein.

63. As to the allegations contained in paragraph "63" of the Complaint herein: admit that the Town of Morristown elected to enforce the Building Code; and deny all remaining allegations, statements, and inferences contained therein.

64. Deny the allegations, statements, and inferences contained in paragraph "64" of the Complaint herein.

65. As to the allegations contained in paragraph "65" of the Complaint herein: admit that the Town of Morristown enforces its Building Code; admit that as a result of Plaintiffs' conduct and/or omissions, proceedings have been initiated against some of the Plaintiffs in Morristown Town Court; and deny all remaining allegations, statements, and inferences contained therein.

66. As to the allegations contained in paragraph "66" of the Complaint herein: admit that

-10-

citations have been issued to residents of the Town of Morristown for building or moving structures without a completed building permit; admit that Andy Miller was advised by Defendant Davis that the granting of his application for a building permit would require construction documents prepared in compliance with the Building Code; and deny all remaining allegations, statements, and inferences contained therein.

67.    As to the allegations contained in paragraph "67" of the Complaint herein: admit that Andy Miller's property was inspected by an official/officials of the Town of Morristown; admit that on or about July 20, 2006 Andy Miller was issued a citation for building without a permit; admit that as a result of the issuance of a citation, a proceeding was commenced in the Town Court of the Town of Morristown; and deny all remaining allegations, statements, and inferences contained therein.

68.    As to the allegations contained in paragraph "68" of the Complaint herein: admit that on or about March 15, 2007 Sam Zook was issued a citation; admit that Sam Zook submitted an application for a building permit on or about April 28, 2007; refer the Court to the citation for the true contents thereof; and deny all remaining allegations, statements, and inferences contained therein.

69.    As to the allegations contained in paragraph "69" of the Complaint herein: admit that Urie Hershberger, Menno Glick, John Hershberger and Menno Hershberger were each issued citations; admit that such citations are pending in the Town Court of the Town of Morristown; refer the Court to the respective citations for the true contents thereof; and deny all remaining allegations, statements, and inferences contained therein.

70.    As to the allegations contained in paragraph "70" of the Complaint herein: admit that Levi Yoder and Jonas Zook were issued citations on or about September 26, 2007; admit that such

-11-

citations are pending in the Town Court of the Town of Morristown; refer the Court to the respective citations for the true contents thereof; and deny all remaining allegations, statements, and inferences contained therein.

71.     As to the allegations contained in paragraph "71" of the Complaint herein: admit that Mosie Swartzentruber and Dannie Swartzentruber were each issued citations; admit that such citations are pending in the Town Court of the Town of Morristown; refer the Court to the citations for the true contents thereof; and deny all remaining allegations, statements, and inferences contained therein.

72.     As to the allegations contained in paragraph "72" of the Complaint herein: admit that Peter Swartzentruber was issued a citation; admit that such citation is pending in the Town Court of the Town of Morristown; refer the Court to the citation for the true contents thereof; and deny all remaining allegations, statements, and inferences contained therein.

73.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "73 " of the Complaint herein.

74.     Deny all allegations, statements, and inferences contained in paragraph "74" of the Complaint herein.

75.     As to the allegations contained in paragraph "75" of the Complaint herein: refer the Court to Local Law #4 for the true contents thereof; and deny knowledge or information sufficient to form a belief as to all remaining allegations, statements, and inferences contained therein.

76.     Deny all allegations, statements, and inferences contained in paragraph "76" of the Complaint herein.

77.     As to the allegations contained in paragraph "77" of the Complaint herein: refer the

Court to Local Law #4 for the true contents thereof; and deny all remaining allegations contained therein.

78.     Deny all allegations, statements, and inferences contained in paragraph "78" of the Complaint herein.

79.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "79" of the Complaint herein.

80.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "80" of the Complaint herein.

81.     As to the allegations contained in paragraph "81" of the Complaint herein: deny knowledge or information sufficient to form a belief as to Plaintiffs' specific religious beliefs; and deny all remaining allegations, statements, and inferences contained therein.

82.     Deny all allegations, statements, and inferences contained in paragraph "82" of the Complaint herein.

83.     Deny all allegations, statements, and inferences contained in paragraph "83" of the Complaint herein.

84.     Deny all allegations, statements, and inferences contained in paragraph "84" of the Complaint herein.

85.     As to the allegations contained in paragraph "85" of the Complaint herein: admit that upon information and belief, no scientific study has been conducted; and deny all remaining allegations, statements, and inferences contained therein.

86.     Deny all allegations, statements, and inferences contained in paragraph "86" of the Complaint herein.

-13-

87.     Deny all allegations, statements, and inferences contained in paragraph "87" of the Complaint herein.

88.     As to the allegations contained in paragraph "88" of the Complaint herein: admit that upon information and belief, no scientific study has been conducted; an deny all remaining allegations, statements, and inferences contained therein.

89.     Deny all allegations, statements, and inferences contained in paragraph "89" of the Complaint herein.

90.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "90" of the Complaint herein.

91.     Deny all allegations, statements, and inferences contained in paragraph "91" of the Complaint herein.

92.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "92" of the Complaint herein.

93.     As to the allegations contained in paragraph "93" of the Complaint herein: admit that Kay Davis has visited and posted messages on the bulletin boards on "AmishDeception.com" as "kady123"; and deny all remaining allegations, statements, and inferences contained therein.

94.     As to the allegations contained in paragraph "94" of the Complaint herein: refer the Court to the bulletin board post for the true contents and context thereof; and deny all remaining allegations, statements, and inferences contained therein.

95.     As to the allegations contained in paragraph "95" of the Complaint herein: refer the Court to the bulletin board post for the true content and context thereof; and deny all remaining allegations, statements, and inferences contained therein.

96.     As to the allegations contained in paragraph "96" of the Complaint herein: admit that user "kady123" posted material on the referenced website; and deny all remaining allegations, statements, and inferences contained therein.

97.     Deny all allegations, statements, and inferences contained in paragraph "97" of the Complaint herein.

98.     Deny all allegations, statements, and inferences contained in paragraph "98" of the Complaint herein.

99.     Deny all allegations, statements, and inferences contained in paragraph "99" of the Complaint herein.

100.     As to the allegations contained in paragraph "100" of the Complaint herein: refer all questions of law raised therein to the Court; and deny all remaining allegations, statements, and inferences contained therein.

101.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "101" of the Complaint herein.

102.     Deny all allegations, statements, and inferences contained in paragraph "102" of the Complaint herein.

103.     Deny all allegations, statements, and inferences contained in paragraph "103" of the Complaint herein.

104.     As to the allegations contained in or incorporated into paragraph "104" of the Complaint herein, Defendants incorporate by reference their responses to paragraphs "1" through "103" of the Complaint as if more fully set forth at length herein.

105.     Deny all allegations, statements, and inferences contained in paragraph "105" of the

Complaint herein.

106. Deny all allegations, statements, and inferences contained in paragraph "106" of the Complaint herein.

107. Deny all allegations, statements, and inferences contained in paragraph "107" of the Complaint herein.

108. As to the allegations contained in or incorporated into paragraph "108" of the Complaint herein, Defendants incorporate by reference their responses to paragraphs "1" through "107" of the Complaint as if more fully set forth at length herein.

109. Deny all allegations, statements, and inferences contained in paragraph "109" of the Complaint herein.

110. Deny all allegations, statements, and inferences contained in paragraph "110" of the Complaint herein.

111. Deny all allegations, statements, and inferences contained in paragraph "111" of the Complaint herein.

112. As to the allegations contained in or incorporated into paragraph "112" of the Complaint herein, Defendants incorporate by reference their responses to paragraphs "1" through "111" of the Complaint as if more fully set forth at length herein.

113. Deny all allegations, statements, and inferences contained in paragraph "113" of the Complaint herein.

114. Deny all allegations, statements, and inferences contained in paragraph "114" of the Complaint herein.

115. Deny all allegations, statements, and inferences contained in paragraph "115" of the

Complaint herein.

116.    As to the allegations contained in or incorporated into paragraph "116" of the Complaint herein, Defendants incorporate by reference their responses to paragraphs "1" through "115" of the Complaint as if more fully set forth at length herein.

117.    Deny all allegations, statements, and inferences contained in paragraph "117" of the Complaint herein.

118.    Deny all allegations, statements, and inferences contained in paragraph "118" of the Complaint herein.

119.    Deny all allegations, statements, and inferences contained in paragraph "119" of the Complaint herein.

120.    As to the allegations contained in or incorporated into paragraph "119" of the Complaint herein, Defendants incorporate by reference their responses to paragraphs "1" through "120" of the Complaint as if more fully set forth at length herein.

121.    Deny all allegations, statements, and inferences contained in paragraph "121" of the Complaint herein.

122.    Deny all allegations, statements, and inferences contained in paragraph "122" of the Complaint herein.

123.    Deny all allegations, statements, and inferences contained in paragraph "123" of the Complaint herein.

124.    As to the allegations contained in or incorporated into paragraph "124" of the Complaint herein, Defendants incorporate by reference their responses to paragraphs "1" through "123" of the Complaint as if more fully set forth at length herein.

125.   Deny all allegations, statements, and inferences contained in paragraph "125" of the Complaint herein.

126.   Deny all allegations, statements, and inferences contained in paragraph "126" of the Complaint herein.

127.   Deny all allegations, statements, and inferences contained in paragraph "127" of the Complaint herein.

128.   As to the allegations contained in or incorporated into paragraph "128" of the Complaint herein, Defendants incorporate by reference their responses to paragraphs "1" through "127" of the Complaint as if more fully set forth at length herein.

129.   Deny all allegations, statements, and inferences contained in paragraph "129" of the Complaint herein.

130.   Deny all allegations, statements, and inferences contained in paragraph "130" of the Complaint herein.

131.   Deny all allegations, statements, and inferences contained in paragraph "131" of the Complaint herein.

132.   As to the allegations contained in or incorporated into paragraph "132" of the Complaint herein, Defendants incorporate by reference their responses to paragraphs "1" through "131" of the Complaint as if more fully set forth at length herein.

133.   Deny all allegations, statements, and inferences contained in paragraph "133" of the Complaint herein.

134.   Deny all allegations, statements, and inferences contained in paragraph "134" of the Complaint herein.

135.   Deny all allegations, statements, and inferences contained in paragraph "135" of the Complaint herein.

136.   As to the allegations contained in or incorporated into paragraph "136" of the Complaint herein, Defendants incorporate by reference their responses to paragraphs "1" through "135" of the Complaint as if more fully set forth at length herein.

137.   Deny all allegations, statements, and inferences contained in paragraph "137" of the Complaint herein.

138.   Deny all allegations, statements, and inferences contained in paragraph "138" of the Complaint herein.

139.   Deny all allegations, statements, and inferences contained in paragraph "139" of the Complaint herein.

140.   As to the allegations contained in or incorporated into paragraph "140" of the Complaint herein, Defendants incorporate by reference their responses to paragraphs "1" through "139" of the Complaint as if more fully set forth at length herein.

141.   Deny all allegations, statements, and inferences contained in paragraph "141 " of the Complaint herein.

142.   Deny all allegations, statements, and inferences contained in paragraph "142" of the Complaint herein.

143.   Deny all allegations, statements, and inferences contained in paragraph "143" of the Complaint herein.

144.   As to the allegations contained in or incorporated into paragraph "144" of the Complaint herein, Defendants incorporate by reference their responses to paragraphs "1" through

"143" of the Complaint as if more fully set forth at length herein.

145.   Deny all allegations, statements, and inferences contained in paragraph " " of the Complaint herein.

146.   Deny all allegations, statements, and inferences contained in paragraph "146" of the Complaint herein.

147.   Deny all allegations, statements, and inferences contained in paragraph "147" of the Complaint herein.

148.   Deny all allegations, statements, and inferences contained in paragraph "148" of the Complaint herein.

149.   Deny all allegations, statements, and inferences contained in paragraph "149" of the Complaint herein.

150.   As to the allegations contained in or incorporated into paragraph "150" of the Complaint herein, Defendants incorporate by reference their responses to paragraphs "1" through "149" of the Complaint as if more fully set forth at length herein.

151.   Deny all allegations, statements, and inferences contained in paragraph "151" of the Complaint herein.

152.   Deny all allegations, statements, and inferences contained in paragraph "152" of the Complaint herein.

153.   Deny all allegations, statements, and inferences contained in paragraph "153" of the Complaint herein.

154.   As to the allegations contained in or incorporated into paragraph "154" of the Complaint herein, Defendants incorporate by reference their responses to paragraphs "1" through

"153" of the Complaint as if more fully set forth at length herein.

155.    Deny all allegations, statements, and inferences contained in paragraph "155" of the Complaint herein.

156.    Deny all allegations, statements, and inferences contained in paragraph "156" of the Complaint herein.

157.    Deny all allegations, statements, and inferences contained in paragraph "157" of the Complaint herein.

158.    As to the allegations contained in or incorporated into paragraph "158" of the Complaint herein, Defendants incorporate by reference their responses to paragraphs "1" through "157" of the Complaint as if more fully set forth at length herein.

159.    Deny all allegations, statements, and inferences contained in paragraph "159" of the Complaint herein.

160.    Deny all allegations, statements, and inferences contained in paragraph "160" of the Complaint herein.

161.    Deny all allegations, statements, and inferences contained in paragraph "161" of the Complaint herein.

162.    As to the allegations contained in or incorporated into paragraph "162" of the Complaint herein, Defendants incorporate by reference their responses to paragraphs "1" through "161" of the Complaint as if more fully set forth at length herein.

163.    Deny all allegations, statements, and inferences contained in paragraph "163" of the Complaint herein.

164.    Deny all allegations, statements, and inferences contained in paragraph "164" of the

Complaint herein.

165.   As to the allegations contained in or incorporated into paragraph "165" of the Complaint herein, Defendants incorporate by reference their responses to paragraphs "1" through "164" of the Complaint as if more fully set forth at length herein.

166.   Deny all allegations, statements, and inferences contained in paragraph "166" of the Complaint herein.

167.   Deny all allegations, statements, and inferences contained in paragraph "167" of the Complaint herein.

168.   As to the allegations contained in or incorporated into paragraph "168" of the Complaint herein, Defendants incorporate by reference their responses to paragraphs "1" through "167" of the Complaint as if more fully set forth at length herein.

169.   Deny all allegations, statements, and inferences contained in paragraph "169" of the Complaint herein.

170.   Deny all allegations, claims, statements, prayers for relief, and inferences contained in the unnumbered "Wherefore" paragraph of the Complaint herein, and all subparts thereof.

171.   Deny any and all other allegations, statements, and inferences contained in the Complaint herein, which are not specifically addressed by the foregoing paragraphs.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

172.   Some or all of the allegations contained in the Complaint herein fail to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

173.   Some or all of the claims asserted by the Plaintiffs are barred by the applicable

statutes of limitation.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

174.    Some or all of the claims asserted by Plaintiffs are barred by virtue of their failure to mitigate their damages, if any.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

175.    The actions of the Defendants,  if any, were made in good faith, without malice, and/or performed in the reasonable belief that such actions were authorized by and in accord with existing law and authority.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

176.    Defendants have not deprived Plaintiffs of any rights, privileges, or immunities secured under the Constitution or the Laws of the United States.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

177.    Any alleged burden that Local Law #4 imposes upon Plaintiffs' religious exercise is in furtherance of a compelling governmental interest and is the least restrictive mans of furthering that compelling governmental interest.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

178.    This Court does not have subject matter jurisdiction over some or all of the Plaintiffs' claims.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

179.    Damages suffered by Plaintiffs, if any, were caused in whole or in part by Plaintiffs' culpable conduct or the culpable conduct of a person/persons other than Defendants.

-23-

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

180.   Any harm which came, or may come to Plaintiffs, was the direct and proximate result of Plaintiffs' own actions or the actions of a person/persons other than Defendants.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

181.   Some or all of Plaintiffs' claims must be dismissed under the doctrine of legislative immunity.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

182.   The Complaint fails to adequately allege, and Plaintiffs cannot establish, any custom, policy, or practice of the Town which deprived Plaintiffs of any constitutional right.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

183.   Plaintiffs' claims are barred in whole or in part by their failure to satisfy conditions precedent to commencing the instant action.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

184.   To the extent that the Complaint seeks punitive or exemplary damages as against the Town, such claims should be dismissed as the Town is immune from such liability.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

185.   At all times relevant hereto, Defendants treated Plaintiffs in a lawful and non-discriminatory manner, and their actions with respect to Plaintiffs were at all times legally privileged and justified and based on legitimate, non-discriminatory reasons.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

186.   Defendants Lanetta Kay Davis, Frank L. Putman, Howard Warren, David Stout, III, Mark Blanchard, Christopher Coffin, and Gary Turner, are qualifiedly immune from suit and/or

liability.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

187.   Some or all of the Plaintiffs lack standing to bring the claims in the instant action.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

188.   Some or all of Plaintiffs' claims must be dismissed for failure to join a necessary

party to the action.

**WHEREFORE,** the Defendants herein request that the Complaint be dismissed and for such

other and further relief in favor of the Defendant as this Court deems appropriate.

Dated: March 17, 2009

LEMIRE JOHNSON, LLC

By:

Gregg T. Johnson, Esq. (506443)
Christopher R. Lemire, Esq. (506396)
Francine R. Vero, Esq. (514361)
Attorneys for Defendants
2534 Route 9 - P.O. Box 2485
Malta, New York 12020
Tel:   518-899-5700
Fax:   518-899-5487
Email: gtj@lemirejohnsonlaw.com
        crl@lemirejohnsonlaw.com
        frv@lemirejohnsonlaw.com

TO:   PROSKAUER ROSE LLP
       Michael T. Mervis, Esq. (515353)
       Jessica J. Kastner, Esq.
       Jed W. Friedman, Esq.
       Attorneys for Plaintiffs
       1585 Broadway
       New York, New York 10036
       Tel:   212-969-3000
       Fax:   212-969-2900
       Email:  mmervis@proskauer.com
                jkastner@proskauer.com

-25-

jfriedman@proskauer.com

THE BECKET FUND FOR RELIGIOUS LIBERTY
Eric Rassbach, Esq.
Lori Windham, Esq.
Attorneys for Plaintiffs
1350 Connecticut Avenue, N.W.
Suite 605
Washington, D.C.  20036
Tel:    202-955-0095
Email:  erassbach@becketfund.org
        lwindham@becketfund.org