UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

LEVI YODER, JONAS ZOOK, SAM ZOOK, JOHN L.
HERSHBERGER, MENNO S. HERSHBERGER, URIE
HERSHBERGER, MENNO L. GLICK, ANDY A. MILLER,
DANNIE L. SCHWARTZENTRUBER, MOSIE
SCHWARTZENTRUBER, PETER D. SCHWARTZENTRUBER,
BISHOP HARVEY MILLER, and BISHOP MOSE MILLER,

                         Plaintiffs,                    **Civil Case No.: 09-cv-0007**
                                                              **(TJM/GHL)**

        - against -

TOWN OF MORRISTOWN, LANETTA KAY DAVIS, in her
official capacity; FRANK L. PUTMAN, in his official capacity;
HOWARD WARREN, in his official capacity; DAVID STOUT, III,
in his official capacity; MARK BLANCHARD, in his official
capacity; CHRISTOPHER COFFIN, in his official capacity; and
GARY TURNER, in his official capacity,

                         Defendants.

---

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(7),
## OR IN THE ALTERNATIVE, TO JOIN ADDITIONAL PARTIES

---

                                        LEMIRE JOHNSON, LLC
                                        Attorneys for Defendants
                                        2534 Route 9 - P.O. Box 2485
                                        Malta, New York 12020
                                        518-899-5700

Gregg T. Johnson, Of Counsel (506443)
Jacinda H. Conboy, Of Counsel (105383)

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................ 1

STATEMENT OF FACTS .................................................... 1

      POINT I
      THE COMPLAINT MUST BE DISMISSED DUE TO PLAINTIFFS' FAILURE
      TO JOIN AS INDISPENSABLE PARTIES ST. LAWRENCE COUNTY AND THE
      STATE OF NEW YORK ............................................... 3

      POINT II
      IN THE ALTERNATIVE, THE STATE OF NEW YORK AND ST. LAWRENCE
      COUNTY SHOULD BE JOINED AS NECESSARY PARTIES .................. 7

CONCLUSION ........................................................... 8

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Chicago Teachers Union v. Johnson,*
639 F.2d 353 (CA 7th 1980) ........................................................ 6

*Kalinsky v. Long Island Lighting Co,*
484 F. Supp 176, 180-181 (E.D.N.Y. 1980) ........................................ 6

*Lopez v. Arraras,*
606 F2d 347 (CA 1st 1979) ......................................................... 7

*Wymbs v. Republican State Executive Committee,*
719 F.2d 1072 (11th Cir. 1983), *cert. den*, 465 US 1103 (1984) ..................... 5

## FEDERAL STATUTES

*Fed. R. Civ. P. 9* ............................................................... 1

*Fed. R. Civ. P. 12(b)(7)* ......................................................... 1

*Fed. R. Civ. P. 19* ............................................................ 1, 4

*Fed. R. Civ. P. 20* ............................................................ 1, 7

## STATE STATUTES

*NY CLS Exec. §371 (2010)* ...................................................... 1, 7

*NY CLS Exec. §381 (2010)* .................................................. 2, 4, 6, 7

## PRELIMINARY STATEMENT

Defendant, the Town of Morristown[1] (hereinafter "Town" or "Morristown"), by and through its attorneys, Lemire Johnson, LLC, submit this Memorandum of Law in support of its motion to dismiss the Complaint pursuant to FRCP 12(b)(7) and FRCP 19 due to Plaintiffs' failure to join indispensable parties, (St. Lawrence County and New York State), or in the alternative, requests an order compelling to joinder of St. Lawrence County and New York State[2] pursuant to FRCP 9 or 20.

## STATEMENT OF FACTS

The New York State Legislature enacted the New York State Uniform Building and Fire Prevention Code (hereinafter the NYS Uniform Code) in 1951. The State Legislature found that the level of loss of life and property as a result of fires was unacceptable and held that as a matter of public policy the State would provide a minimum level of protection from fires and inadequate buildings in every part of the state. (*NY CLS Exec* §371) Furthermore, the legislature created a statutory scheme by which local governments would be encouraged to enforce the NYS Uniform Code. (*NY CLS Exec.* §371) In addition, the State provided for a uniform state-wide approach to the training and qualifications of persons engaged in the administration and enforcement of the NYS Uniform Code.

Pursuant to the legislative intent to encourage local governments to administer and enforce the NYS Uniform Code, the *Executive Law* provides a scheme by which first, local governments, then, counties and finally, the State are obligated to enforce the NYS Uniform Code (*NY CLS Exec*

---

[1] Although individual Town Officials are named as Defendants in the Complaint in their official capacities, it is well-established that "official capacity claims" are merely another way of framing a complaint against the municipal entity - here, the Town of Morristown.

[2] Specifically, the New York State Department of Code Enforcement and Administration.

§381).  According to the plain language of the *Executive Law*, should a local government elect not to enforce the NYS Uniform Code, (i.e., "opt out"), the county has the option of enforcing the same (*NY CLS Exec.* §381(2)).  According to the *Executive Law*, should the County elect not to enforce the NYS Uniform Code, the State will ultimately directly, or by contract, administer and enforce the NYS Uniform Code.  Regardless of who enforces the NYS Uniform Code, New York State reviews and retains multiple enforcement powers which it can use if it deems the municipalities have failed to enforce the NYS Uniform Code at the local level (*NY CLS Exec* §381).

In 2006 the Town of Morristown[3], through its Town Council, elected to administer and enforce the NYS Uniform Code and enacted Local Law #4 which provides the authority by which Morristown will administer and enforce the  NYS Uniform Code (Compl. ¶3; Conboy Aff. Ex. A).  The Town of Morristown adopted the model local law promulgated by the State of New York which sets forth the local law by which Morristown will administer and enforce the NYS Uniform Code[4]. (Conboy  Aff. Exs. A and B).  The Town's Local Law #4 states: "*This local law provides for the administration and enforcement of the New York State Uniform Prevention and Building Code*" and simply provides the mechanisms and procedures by which the Town is going to enforce the NYS Uniform Code (Conboy Aff. Ex. A).  Since 2006, the Town has not "opted out" of the enforcement process afforded by the State, although the Town may do so each July (*NY CLS Exec* §381(2)).

Plaintiffs' Complaint in this action alleges that the Town's Local Law #4, which provides for the administration and enforcement of the NYS Uniform Code, violates Plaintiffs' religious

---

[3] The Defendant, the Town of Morristown is a small town of less than 2,100 residents located in St. Lawrence County, New York.

[4] The model law promulgated by the state is maintained on the State's public web-site at www.dos.state.ny.us/CODE/Title 19.

beliefs. (Compl. ¶¶ 75, 77-82; and pp. 24-36). In addition, Plaintiffs claim that the enforcement of

Local Law #4 furthers no compelling governmental interest (Compl. ¶84). As such, Plaintiffs claim

that their federal and state constitutional and statutory rights have been violated (Compl. pp. 24 -36).

Plaintiffs seek, as part of their request for relief, an injunction enjoining Morristown "to issue

building permits to Plaintiffs;" and "from enforcing the Local Law #4, the Building Code or other

laws..." (Compl. p. 35).

      The Town has elected to administer and enforce the NYS Uniform Code as their local law.

Thus, the Town administers and enforces the NYS Uniform Code. Each year on an annual basis

the Town can elect not to enforce the NYS Uniform Code[5] and if so, then either St. Lawrence County

or the State of New York will be tasked with administering and enforcing the NYS Uniform Code.

Thus, during the pendency of this action, or even after the action is resolved, Morristown could

simply elect not to enforce the NYS Uniform Code and either St. Lawrence County or the State of

New York would step in and enforce the NYS Uniform Code in Morristown.

      As a result of the statutory scheme and Plaintiffs' claims that NYS Uniform Code itself

violates Plaintiffs' constitutional right, St. Lawrence County and the State of New York are

indispensable parties who must be joined in the action or the Complaint must be dismissed.

## POINT I

### THE COMPLAINT MUST BE DISMISSED DUE TO PLAINTIFFS' FAILURE TO JOIN AS INDISPENSABLE PARTIES ST. LAWRENCE COUNTY AND THE STATE OF NEW YORK

      In the absence of the State of New York and St. Lawrence County as parties to this litigation

---

[5] Prior to the first day of July in any given year the local government, or county can elect not to enforce the Uniform Building and Fire Prevention Code for the following year.

complete relief cannot be accorded among the parties. FRCP Rule 19(a) provides that: "*A person which is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties...*" In this case, the State of New York and St. Lawrence County are subject to service of process and joinder of the State of New York and/or St. Lawrence County will not deprive the court of subject-matter jurisdiction. Moreover, without St. Lawrence County and the State of New York as parties, this Court cannot afford complete relief among the existing parties.

Pursuant to *Executive Law* §381

> "*every local government shall administer and enforce the uniform fire prevention and building code on and after the first day of January, nineteen hundred eighty-four, provided however, that a local government may enact a local law...providing that it will not enforce the uniform code... In such event the county in which said local government is situated shall administer and enforce the uniform code within such local government...unless the county shall have enacted a local law providing it will not enforce the uniform code within that county. In such event the secretary in the place and stead of the local government shall, directly or by contract, administer and enforce the uniform code.*" (*NY CLS Exec.* §381)

Thus, should Morristown elect not to enforce the Uniform Building and Fire Prevention Code either the County or the State would be obligated to enforce same. Thus, in the event Plaintiffs were to prevail on their claims, two possibilities exist which could frustrate relief Plaintiffs seek from this Court: (1) The Town of Morristown could, during the course of the litigation (i.e. pre-judgment) elect not to enforce the NYS Uniform Code; or (2) Morristown could elect not to enforce the NYS Uniform Code after a judgment is rendered. As such, were this Court to order injunctive relief and thereafter Morristown elected not to enforce the NYS Uniform Code then either St. Lawrence

-4-

County and/or New York State would enforce the NYS Uniform Code and such injunctive relief against Morristown would be essentially a nullity. *See generally, Wymbs v. Republican State Executive Committee*, 719 F.2d 1072 (11th Cir. 1983), *cert. den*, 465 US 1103 (1984).

Plaintiffs seek not only injunctive relief but also a determination that the NYS Uniform Code violates the Plaintiffs' constitutional First Amendment rights. As Morristown simply *administers and enforces* the NYS Uniform Code and has not altered or modified the NYS Uniform Code, any determination that such is unconstitutional by this Court would necessarily implicate the State and the NYS Uniform Code itself. As such, the State of New York is an indispensable party as any ruling by the Court that the NYS Uniform Code is unconstitutional would ultimately require legislation on the part of the State of New York to modify the NYS Uniform Code.

If St. Lawrence County and the State of New York were not parties to this action, any relief accorded to Plaintiffs would require selective enforcement of the NYS Uniform Code by Morristown, St. Lawrence County and/or New York State. Were this Court to find that the NYS Uniform Code is unconstitutional and violates the rights of the Plaintiffs, the only municipality in which such ruling would be effective would be Morristown. Furthermore, if Morristown no longer elected to enforce the NYS Uniform Code, either the County or the State would be in the position of enforcing the NYS Uniform Code with respect to the Plaintiffs and uniformly with respect to the other residents of Morristown, the County and/or State. As such this Court can not accord full relief without St. Lawrence County and the State of New York as parties to this action.

Finally, it is the State of New York that reviews the acts of Morristown in enforcing the NYS Uniform Code and who could impose penalties, subject the municipality to litigation and or revoke Morristown's election to enforce the code should Morristown fail to enforce the code (*NY CLS Exec.*

§381). As such the State is an indispensable party and ultimately it is the State who has a process for review and can make a determination with respect to Morristown's right to enforce the Code. *See generally, Chicago Teachers Union v. Johnson*, 639 F.2d 353 (CA 7th 1980)(in a class action by teachers seeking federal unemployment benefits, federal officials were necessary parties for the court to accord complete relief as the federal officials would ultimately be called upon to review the claims of the plaintiff's after the state completed its processing)  By statute, should the local government (*i.e.* Morristown) fail to enforce the NYS Uniform Code the local government may be subject to an order compelling compliance, an action by the attorney general, the county may be designated to enforce the code or the secretary may administer and enforce the code. (*NY CLS Exec.* §318(4) (a-d); *see Kalinsky v. Long Island Lighting Co*, 484 F. Supp 176, 180-181 (E.D.N.Y. 1980)(in an action by Plaintiff against a power company in which the plaintiff sought a declaration that it was exempt from the price rate structure the court held that the NYS Public Service Commission was an indispensable party as there was a statutory scheme that regulated rate changes and the power company could not modify the Plaintiff's rate without a modification of the Public Service Commissions mandate with respect to rates).  Just as in this case, Morristown cannot modify its enforcement of the NYS Uniform Code without the State of New York modifying and/or changing the NYS Uniform Code.  Thus, this Court cannot accord complete relief to the parties and as such the State of New York and St. Lawrence County should have been joined as they are indispensable parties.

-6-

## POINT II

### IN THE ALTERNATIVE, ST. LAWRENCE COUNTY AND THE
### STATE OF NEW YORK SHOULD BE JOINED AS NECESSARY PARTIES

In the event that this Court does not deem New York State or St. Lawrence County to be indispensable parties, Defendant submits that pursuant to FRCP Rule 20, St. Lawrence County and the State of New York are necessary and proper parties since there are a questions of law (as previously set forth herein) that are common to the rights and duties of both the State of New York and St. Lawrence County arising out of the series of transactions or occurrences at issue in this action. *See Lopez v. Arraras*, 606 F2d 347 (CA 1st 1979) (where the Court held that HUD was a necessary party in a class-action by low income tenants against a local housing authority as the Court felt it necessary for HUD to explain its relationship to the local housing authority and to protect its interests in funding related to the local authority). It is beyond dispute that it was the State of New York that had developed and enacted the NYS Uniform Code and the statutory scheme by which municipalities are to administer and enforce the NYS Uniform Code (*NY CLS Exec* §§371 and 381). As such, the State of New York is a necessary party as ultimately the State's ability to require Counties and/or local municipalities to enforce the NYS Uniform Code consistently across the State will be impaired and/or implicated. Therefore, the State and St. Lawrence County are necessary parties as their rights and the relationship between these municipalities will be affected should this Court find in favor of the Plaintiffs.

Finally, as a public policy matter, based on the fact that the litigation of the issues set forth in the Complaint will necessarily involve a determination as to whether the New York State Building and Fire Prevention Code is unconstitutional such will necessarily implicate the rights of the State

to enforce and/or obligate Counties and municipalities throughout the State to enforce the same. Plaintiffs specifically claim that:

- Defendants' application of the Building Code and Local Law #4 to Plaintiffs thus imposes a substantial burden on Plaintiffs' well-known religious practices (Compl. ¶82);

- Defendants' enforcement of Local Law #4 and the Building Code against Plaintiffs in the manner described above furthers no compelling governmental interest (Compl.¶84).

As such the State of New York is a necessary party and any determination by this Court will necessarily impact New York's State's ability to enforce and/or delegate the administration and enforcement of the NYS Uniform Code.

## CONCLUSION

Defendants respectfully submit that the State of New York and St. Lawrence County are indispensable parties and Plaintiffs' failure to join such parties warrants dismissal of the Complaint. Alternatively, Defendants respectfully submit that the State of New York and St. Lawrence County are indispensable and/or necessary parties and respectfully request an order directing Plaintiffs to add the State of New York and St. Lawrence County as parties.

Dated: February 5, 2010

LEMIRE JOHNSON, LLC

By: _____
Jacinda H. Conboy, Esq. (105383)

-8-