# LEMIRE JOHNSON, LLC

Attorneys at Law

2534 Route 9, P.O. Box 2485, Malta, NY 12020
518.899.5700 ~ 518.793.9005
Fax 518.899.5487

February 5, 2010

*Via Electronic Filing*

Hon. George H. Lowe, U.S.M.J.
U.S.D.C. Northern District of New York
Northern District of New York
Syracuse, New York 13261

**Re:**   *Yoder, et al. v. Town of Morristown, et al.*
        Civil Case No.:   09-cv-0007 (TJM/GHL)

Dear Magistrate Lowe:

We write in response to Your Honor's request and to follow-up on our January 11, 2010 letter notifying the Court of the parties' meet and confer conference and the supplemental discovery responses that the parties exchanged on January 29, 2010.

While the majority of discovery disputes have been resolved between the parties, we write to seek a conference with the Court to resolve the following outstanding discovery issues:

(1)   Plaintiffs have objected to and refuse to produce a copy of the retainer agreement and/or fee arrangement between Proskauer Rose, LLP and the Becket Fund for Religious Liberty. As Plaintiffs are seeking attorneys' fees in this lawsuit; as Proskauer, Rose, LLP has indicated that they are handling this matter *pro bono*; and as the Beckett Fund represents themselves as being a public interest nonprofit law firm, Defendant submits that such documents are relevant.

(2)   There is a dispute with respect to priority of depositions. The Defendant served deposition notices on April 28, 2009, noticing Plaintiffs for deposition. The depositions have since been adjourned. We have advised Plaintiffs that we are not inflexible, and will work to cooperatively schedule depositions, however, Plaintiffs have taken the position that the Defendant does not have priority and that they will not be producing all Plaintiffs prior to the deposition of the Defendant. At this point, Plaintiffs have not noticed the Defendant for a deposition.

We also write to advise the Court that we have been recently been advised by Plaintiffs' counsel that the *Ordnung* ("Order") which proscribes the religious laws of the Swartzentruber

LEMIRE JOHNSON, LLC
February 5, 2010
Page 2

---

Amish, is not a document and is not contained anywhere in writing, but rather is passed down orally. As the *Ordnung* and Plaintiffs' religious beliefs are central issues in this litigation, the lack of a written document may necessarily have implications with respect to the length of Plaintiffs' depositions, together with the fact that Plaintiffs have advised that some, or all, of the Plaintiffs will need translators. Thus, on behalf of the Defendant we raise this issue with the Court to advise that we may need more than the seven (7) hours proscribed by FRCP Rule 30(d) with respect to depositions of the Plaintiffs. In addition, as there are thirteen (13) Plaintiffs, all of whom we have noticed for a deposition, we seek permission from the Court to exceed the number of depositions proscribed by FRCP Rule 30.

      Thank you in advance for the Court's attention to this request.

                           Very truly yours,

                           LEMIRE JOHNSON, LLC

                         Jacinda H. Conboy
                         Bar Roll No. 105383
                         jhc@lemirejohnsonlaw.com

JHC:lmg
cc:    (via electronic filing)
       Proskauer Rose, LLP
       The Becket Fund for Religious Liberty
       Howard Warren, Deputy Supervisor
       Andrew Silver, Town Attorney
       Christina Leone, Esq.