

**Proskauer**»  Proskauer Rose LLP  1585 Broadway  New York, NY 10036-8299

February 9, 2010

**By ECF**

Daniel P. Goldberger
Attorney at Law
d 212.969.3174
f 212.969.2900
dgoldberger@proskauer.com
www.proskauer.com

Hon. George H. Lowe
United States Magistrate Judge
Federal Building and U.S. Courthouse
P.O. Box 7346
Syracuse, NY 13261-7346

Re: <u>Yoder, et al. v. Morristown, et al.</u>, Civil Case No.: 09-cv-0007 (TJM/GHL)

Dear Judge Lowe:

We, along with our co-counsel, the Becket Fund For Religious Liberty ("Becket"), represent the Plaintiffs in the above-referenced matter and write with respect to Defendants' supposed "status report" filed with the Court on February 5, 2010. We note at the outset that Defendants did not consult with us before writing to the Court. This is particularly troubling since Defendants' "status report" ignores the previously identified (and unresolved) deficiencies in Defendants' own document production and discovery responses. Defendants' representation that the "majority of discovery disputes have been resolved" is simply not accurate.

The clear implication of Defendants' "status report" is that all discovery issues have been resolved, except for: (i) the retainer agreements between Plaintiffs and their counsel; and (ii) the order and timing of the depositions that will take place. However, Defendants' one-sided account fails to address the fact that Defendants have not fulfilled their document discovery obligations. In particular:

- During the parties' January 13, 2010 meet and confer, Defendants agreed to produce earlier versions of responsive documents (if any exist) that are currently available on the Town's website (www.townofmorristownny.org). Plaintiffs confirmed Defendants' agreement in a letter dated January 14, 2010, which is annexed hereto as Exhibit 1. To date, we have not received any such documents, or a representation from Defendants that they do not exist.

- Also during the parties' January 13, 2010 meet and confer, Defendants agreed to produce a full copy of any applicable insurance policy, which should have been produced in connection with Defendants' initial disclosures pursuant to Fed. R. Civ. Pro. 26(a). Defendants have only produced a one-page declaration for an applicable insurance policy.

- In our January 25, 2010 letter to Defendants, we advised Defendants that Plaintiffs' Document Requests served on Defendant Davis, particularly in respect to Request No. 69, are not limited to documents held and/or obtained in her "official capacity." Rather, Plaintiffs requested that Defendants provide any and all documents responsive to these requests, whether or not she contends that they are held or obtained in her "personal" or

## Proskauer»

Hon. George H. Lowe
February 9, 2010
Page 2

"official" capacity. Defendants' proffered "official"/"personal" distinction is not well taken in this case, where evidence of Ms. Davis's anti-Amish animus is of significance. To date, Defendants have not responded to Request No. 69. A copy of Plaintiffs' January 25, 2010 letter is annexed hereto as Exhibit 2.

- In the January 25, 2010 letter, Plaintiffs also requested that Defendants produce documents in response to Plaintiffs' Document Request Nos. 51 and 57, which call for the production of documents concerning costs associated with criminal cases against the Plaintiffs and their affirmative defenses, respectively. Defendants' response briefly states that "to the extent such documents exist, Defendants reserve the right to supplement their response to this request." Because document discovery closed on January 31, 2010, per Your Honor's Order, Plaintiffs are entitled to know whether, at this time, Defendants have documents responsive to these requests.

- Also in the January 25, 2010 letter, Plaintiffs advised Defendants that because Defendants failed to respond to Plaintiffs' First Request for Interrogatories within the time permitted by the Federal Rules of Civil Procedure, Defendants have waived any objections to these interrogatories. Further, Defendants have not responded to one or more of Plaintiffs' interrogatories, *i.e.*, Interrogatory Nos. 2, 5, 6, 7 and 16. Accordingly, Plaintiffs requested that Defendants provide complete responses forthwith. To date, Defendants have still not responded to this request.

- Defendants also object to Plaintiffs' document request number 28 on grounds that the request is irrelevant and overly broad. This requests calls for the production of: "All Documents relating to Defendants' knowledge of Amish religious beliefs and practices including but not limited to Documents which relate to Defendants' knowledge of how Amish religious beliefs and practices relate to the Building Code and other Local Laws." There is nothing irrelevant or overbroad in this request. Indeed, one of Plaintiffs' principal allegations is that the enforcement of applicable laws discriminates against Plaintiffs based on their religious beliefs. We request that the Court compel Defendants to produce all documents responsive to this request.

We also note that on January 22, 2010, Defendants produced approximately 2500 documents and Plaintiffs have not yet had an opportunity to review all of them in sufficient detail. Upon a complete review of these documents, Plaintiffs will advise Defendants as to whether additional issues exist.

As for the issues identified in Defendants' "status report" to the Court, Defendants' request for the retainer agreements between Plaintiffs and our firm, and the retainer agreements between Plaintiffs and Becket, are plainly irrelevant. In fact, the only claim of relevance proffered by Defendants is that the retainer agreements somehow bear on Plaintiffs' claim for attorneys' fees (although Defendants do not explain how or why this is allegedly so). In fact, fee awards under 28 U.S.C. § 1988 are calculated based upon reasonable market rates, rather than the retainer

**Proskauer>>**

Hon. George H. Lowe
February 9, 2010
Page 3

agreement with the client, in order to encourage attorneys to take on civil rights cases for little or no remuneration. *See, e.g., Blum v. Stevenson,* 465 U.S. 886, 895-96 (1984). In any event, even if the retainer agreements were somehow relevant to a fee award, Plaintiffs submit that there is no need for the production of these agreements until after there is a finding of liability in the case.

Defendants' discussion of issues concerning deposition discovery grossly mischaracterizes the parties' recent discussions and correspondence on the issue. During the parties' January 13 meet and confer, the parties agreed that, given the number of depositions that would likely take place in this matter and the need for all counsel to travel to St. Lawrence County for the depositions, they would schedule two to three day blocks of time beginning in March and April 2010 to conduct depositions of parties and non-party witnesses. Although Plaintiffs offered to serve formal deposition notices on Defendants, Defendants' counsel, Gregg Johnson, stated that formal deposition notices would not be necessary. In the event Defendants have now had a change of heart, we would be happy to serve formal notices on Defendants as soon as the parties have determined mutually convenient dates for the Defendants' depositions.

Plaintiffs also suggested during the meet and confer that the parties alternate the taking of depositions of Plaintiffs and Defendants. Defendants rejected this proposal, taking the position that they have "priority" and that all of the Plaintiffs must be deposed before we can depose a single Defendant. As we explained to Defendants during our meet and confer, there is no "priority" rule under the Federal Rules of Civil Procedure. Moreover, any "delay" in noticing the depositions of Defendants has been solely attributable to Defendants' delay in producing documents to Plaintiffs, which, as stated above, remains incomplete. Although we have no objection to Defendants taking the depositions of *some* of the Plaintiffs before any Defendants are deposed, Defendants' position that *no* Defendant can be deposed before *all* Plaintiffs have been deposed is neither equitable nor in keeping with typical practice.

Finally, with respect to the length of Plaintiffs' depositions, Plaintiffs' letter to the Court is the first time that Defendants have articulated this alleged concern. Plaintiffs submit that Defendants' request is, at best, premature. Indeed, Defendants admit as much, stating that they "may" need more time than the Federal Rules of Civil Procedure permit. Plaintiffs understand that the need for a translator in some cases may result in a deposition taking more than the seven hours allotted by the Rules and are amenable to working with Defendants on a case-by-case basis. As for the number of depositions, we have no objection to Defendants deposing each of the thirteen Plaintiffs as long as Plaintiffs are permitted to depose the nine individuals named as Defendants and/or identified in Defendants' initial disclosure statement as well conduct Rule 30(b)(6) depositions to the extent the individuals identified by Defendants are not familiar with the certain issues relevant to the litigation.

\*           \*           \*

# Proskauer»

Hon. George H. Lowe
February 9, 2010
Page 4

We remain willing to continue to work with Defendants in an effort to resolve these issues without the Court's involvement. If Defendants are unwilling to negotiate further — as appears to be the case — then we will make ourselves available for a conference at the Court's convenience.

Respectfully,

Daniel P. Goldberger

Enclosures

cc: <u>All By Email</u>
Gregg T. Johnson, Esq.
Jacinda H. Conboy, Esq.
Lori Windham, Esq.
Michael T. Mervis, Esq.
Jason D. Gerstein, Esq.
Russell L. Hirschhorn, Esq.
Rachelle L. LaRoche, Esq.

# Exhibit 1

 Proskauer Rose LLP   1585 Broadway   New York, NY 10036-8299

Russell L. Hirschhorn
Attorney At Law
d 212.969.3286
f 212.969.2900
rhirschhorn@proskauer.com
www.proskauer.com

January 14, 2010

**By Electronic Mail and First Class Mail**

Gregg T. Johnson, Esq.
Lemire Johnson, LLC
2534 Route 9
P.O. Box 2485
Malta, NY 12020

Re:   *Yoder et al. v. Town of Morristown et al.*, No. 09-cv-0007 (TJM/GHL)

Dear Gregg:

We write to confirm the agreements and representations made during our meet and confer yesterday. They are as follows:

*First*, Defendants represented that they have made a thorough search of all electronic media (*i.e.*, computers, hard drives, back-up tapes, etc.) in the possession of all Defendants and Kay Davis, and have produced all non-privileged documents responsive to Plaintiffs' document requests.

*Second*, Defendants represented that they searched all of Kay Davis' official and personal files, electronic or otherwise, and that she does not maintain any documents responsive to Plaintiffs' document requests.

*Third*, Defendants represented that they have made a thorough search of their records and that they are not in possession of draft town policies, meeting agendas, notes on meetings or other non-privileged internal documents not already produced.

*Fourth*, Defendants agreed to supplement their responses to Plaintiffs' document request numbers 23 and 24. In particular, Defendants will provide a bates range for the document referred to as an "Agreement," and will conduct a search of their records to ensure that documents related to all meetings, including, but not limited to the January 4, 2007 meeting, have been, or will be, produced.

*Fifth*, Defendants agreed that, for responses in which they identify the website www.townofmorristownny.org as maintaining documents responsive to Plaintiffs' document requests, they will produce to Plaintiffs any other documents, or earlier versions of documents, that may be available from earlier versions of that website.

**Proskauer»**

Gregg T. Johnson, Esq.
January 14, 2010
Page 2

*Sixth*, Defendants agreed to identify the bates range(s) of all documents by reference to each of Plaintiffs' documents requests. Plaintiffs also agreed to identify the bates range(s) of all documents by reference to each of Defendants' documents requests.

*Seventh*, Plaintiffs agreed to identify by bates range(s) which documents were produced by which Plaintiff.

To the extent our discussion resulted in either party agreeing to produce additional documents, supplement pleadings or represent in writing to the other party that certain actions have been taken, the parties agreed to do so no later than Friday, January 22. For the avoidance of any doubt, the representations and agreements made by Defendants during our meet and confer, as memorialized herein, are in addition to those made in your letter dated January 13, 2009 concerning Defendants' document production. You also stated that you would review Plaintiffs' July 2, 2009 letter — which you stated that you were not aware of — and let us know next week if Defendants had any questions or comments.

Finally, as we discussed, given the number of counsel, parties and potential deponents in this matter, we will, in short order, propose dates for the depositions of the individuals Plaintiffs seek to depose as well as those previously noticed by Defendants. Our hope is that counsel will work cooperatively to schedule blocks of days (*i.e.*, two to three day blocks) where counsel will make themselves available for these depositions. While we are willing to work with you on the order of the depositions, we will not agree, as you suggested, that all of our Clients should be deposed before the Defendants' depositions are taken.

Very truly yours,

Russell L. Hirschhorn

cc     <u>All By Email</u>
       Jacinda H. Conboy, Esq.
       Lori Windham, Esq.
       Michael T. Mervis, Esq.
       Jason D. Gerstein, Esq.
       Daniel P. Goldberger, Esq.
       Rachelle L. LaRoche, Esq.

# Exhibit 2

# Exhibit 2



Proskauer Rose LLP   1585 Broadway   New York, NY 10036-8299

Russell L. Hirschhorn
Attorney At Law
d 212.969.3286
f 212.969.2900
rhirschhorn@proskauer.com
www.proskauer.com

January 25, 2010

**By Electronic Mail and First Class Mail**

Jacinda H. Conboy, Esq.
Lemire Johnson, LLC
2534 Route 9
P.O. Box 2485
Malta, NY 12020

Re:   *Yoder et al. v. Town of Morristown et al.*, No. 09-cv-0007 (TJM/GHL)

Dear Jacinda:

We are in receipt of your January 22, 2010 letter and pleadings enclosed therewith, and write to identify certain deficiencies contained in those pleadings. They are as follows:

1.   Plaintiffs' Document Request No. 69 to Defendant Davis is not limited to documents held and/or obtained in her official capacity. Please provide any and all documents responsive to this request whether held or obtained in her personal or official capacity.

2.   Please provide the bates number(s) of the "Agreement" referred to in response to Plaintiffs' Document Request No. 23, as Gregg agreed to do during our meet and confer on January 13, 2010.

3.   Defendants have failed to provide any responsive documents for Plaintiffs' Document Request No. 34, a deficiency which we originally noted in our letter of December 22, 2009. As we explained there, the documents requested are relevant to the issue of how Local Law #4 and the Building Code are enforced against residents of Morristown. We also note that Local Law #4 requires the production of such reports. Please provide any and all documents responsive to this request. If Defendants have no documents responsive to these requests, please affirmatively state so.

4.   It is unclear whether Defendants will be producing documents on or before January 29, 2010 in response to Plaintiffs' Document Request Nos. 31, 51 and 57. If Defendants have no documents responsive to these requests, please affirmatively state so.

5.   In light of the fact that Defendants failed to respond to Plaintiffs' First Request for Interrogatories within the time permitted by the Federal Rules of Civil Procedure, Defendants have waived any objections they may have had to these interrogatories. Accordingly, to the extent Defendants have not responded to one or more of Plaintiffs' interrogatories, *i.e.*,

## Proskauer»

Jacinda H. Conboy, Esq.
January 25, 2010
Page 2

Interrogatory Nos. 2, 5, 6, 7 and 16, or to the extent they have provided only partial responses, Defendants should provide complete responses forthwith.

Upon receipt and review of the documents Defendants committed to producing to Plaintiffs on or before January 29, 2010, we will let you know whether there are any additional issues that need to be resolved.

Very truly yours,

Russell L. Hirschhorn

cc   All By Email
     Gregg T. Johnson, Esq.
     Lori Windham, Esq.
     Michael T. Mervis, Esq.
     Jason D. Gerstein, Esq.
     Daniel P. Goldberger, Esq.
     Rachelle L. LaRoche, Esq.