# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEVI YODER, JONAS ZOOK, SAM ZOOK, JOHN L. HERSHBERGER, MENNO S. HERSHBERGER, URIE HERSHBERGER, MENNO L. GLICK, ANDY A. MILLER, DANNIE L. SWARTZENTRUBER, MOSIE SWARTZENTRUBER, PETER D. SWARTZENTRUBER, BISHOP HARVEY MILLER, and BISHOP MOSE MILLER, | : : : : : No. 09-CV-0007 (TJM/GHL) |
| Plaintiffs, | : |
| v. | : ECF CASE |
| TOWN OF MORRISTOWN, LANETTA KAY DAVIS, in her official capacity; FRANK L. PUTMAN, in his official capacity; HOWARD WARREN, in his official capacity; DAVID STOUT III, in his official capacity; MARK BLANCHARD, in his official capacity; CHRISTOPHER COFFIN, in his official capacity; and GARY TURNER, in his official capacity, | : : : : |
| Defendants. | : |

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(B)(7), OR, IN THE ALTERNATIVE, TO JOIN ADDITIONAL PARTIES

Michael T. Mervis (Bar Number: 515353)
Russell L. Hirschhorn (Bar Number: 514527)
Jason D. Gerstein (admitted *pro hac vice*)
Daniel Goldberger (admitted *pro hac vice*)
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036
P: 212.969.3000

Eric Rassbach (admitted *pro hac vice*)
Lori H. Windham (admitted *pro hac vice*)
THE BECKET FUND FOR RELIGIOUS LIBERTY
1350 Connecticut Avenue, N.W., Suite 605
Washington, D.C. 20036
P: 202.955.0095
*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ii

PRELIMINARY STATEMENT ........................................................................................................1

STATEMENT OF FACTS ..................................................................................................................3

ARGUMENT .......................................................................................................................................4

I. THE COURT SHOULD DENY DEFENDANTS' MOTION TO
DISMISS BECAUSE IT CAN ACCORD COMPLETE RELIEF
AMONG THE EXISTING PARTIES ...................................................................................4

    A. Defendants' Motion Misconstrues The Complaint......................................................5

    B. Defendants' Motion Is Based Upon Unfounded Speculation ....................................5

    C. The County And State Will Not Be Affected By Any
       Judgment In This Action................................................................................................7

II. THE COURT SHOULD DENY DEFENDANTS' REQUEST TO
JOIN THE COUNTY AND STATE AS DEFENDANTS
PURSUANT TO FED. R. CIV. P. 20 ....................................................................................8

CONCLUSION ....................................................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Chicago Teachers Union v. Johnson*,
   639 F.2d 353 (7th Cir. 1980) ..................................................................................7

*Kalinsky v. Long Island Lighting Co.*,
   484 F. Supp. 176 (E.D.N.Y. 1980) ..........................................................................7

*LBA Int'l Ltd. v. C.E. Consulting LLC*,
   No. 08 Civ. 6797 (SAS), 2010 U.S. Dist. LEXIS 6240 (S.D.N.Y. Jan. 26, 2010) ................4, 5

*LLC Corp. v. Pension Benefit Guar. Corp.*,
   703 F.2d 301 (8th Cir. 1983) ..................................................................................6

*Lopez v. Arraras*,
   606 F.2d 347 (1st Cir. 1979) ...................................................................................9

*MasterCard Int'l, Inc. v. Visa Int'l Serv. Ass'n., Inc.*,
   471 F.3d 377 (2d Cir. 2006)................................................................................6, 7

*School Dist. v. Sec'y of U.S. Dep't of Educ.*,
   584 F.3d 253 (6th Cir. 2009) (en banc) ..................................................................6

*Viacom Int'l, Inc. v. Kearney*,
   212 F.3d 721 (2d Cir. 2000)................................................................................4, 5

*Wymbs v. Republican State Executive Committee*,
   719 F.2d 1072 (11th Cir. 1983) ...............................................................................7

**STATUTES**

N.Y. EXEC. LAW § 381...............................................................................................7

ST. LAWRENCE COUNTY, N.Y., Local Law § 4 of 2006 .......................................... passim

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b) ...................................................................................................1

Fed. R. Civ. P. 19....................................................................................................... passim

Fed. R. Civ. P. 20................................................................................................1, 2, 8, 9

**PRELIMINARY STATEMENT**

Defendants' motion to dismiss or join additional parties is based on a serious misreading of Plaintiffs' Complaint and counterfactual arguments about hypothetical future events. Nearly a year after filing their Answer, Defendants have taken the unusual (and procedurally improper) step of moving for dismissal under Fed. R. Civ. P. 12(b)(7) for "failure" to name the State of New York (the "State") and St. Lawrence County (the "County") as Defendants.[1] Alternatively, they argue that the County and State should be joined as parties pursuant to Fed. R. Civ. P. 19 or Fed. R. Civ. P. 20.[2] In effect, Defendants are asking the Court for permission to continue violating the Constitution, because it is sure the State and County would violate the Constitution too. As such, this motion fails for at least four reasons. First, it is based upon an incorrect characterization of the Complaint. According to Defendants, the State must be joined as a party because (1) the local ordinance at issue in this case — ST. LAWRENCE COUNTY, N.Y., Local Law § 4 of 2006 ("Local Law # 4") — was promulgated pursuant to a state statute and (2) Plaintiffs are supposedly challenging the facial constitutionality of Local Law # 4. But Plaintiffs are *not* challenging the facial constitutionality of Local Law # 4. Rather, Plaintiffs allege that Defendants *enforce and administer* Local Law # 4 in an unconstitutional manner against

---

[1] Rule 12(b) provides that a "motion asserting any of the[] defenses [enumerated in section 12(b)] must be made *before* pleading if a responsive pleading is allowed." (emphasis added) Here, Defendants filed an answer on March 17, 2009 and filed their Rule 12(b)(7) motion nearly one year later on February 5, 2010. *See* Affidavit of Daniel P. Goldberger ("Goldberger Aff.") at ¶¶ 2-3.) Thus, on its face, Defendants' motion is untimely.

[2] Further, Defendants' motion fails to comply with Local Rule 7.1(a)(4), which requires proposed amended pleadings to be filed with any motion under Rule 19 or 20. Defendants did not attach an amended answer or a third-party complaint, much less serve any such complaint on the County and State. The Town's motion should be denied for this reason, as well. *See* Local Rule 7.1(b)(3) ("The Court shall not consider any papers required under this Rule that are not timely filed or are otherwise not in compliance with this Rule unless good cause is shown.") We also note that Defendants have not even served this motion on the proposed new defendants, nor given them any other form of notice and opportunity to respond.

Plaintiffs (all of whom are adherents of the Swartzentruber Amish faith), thereby making it impossible for Plaintiffs to live out their faith in their home of Morristown, New York ("Morristown" or the "Town").

Second, the motion is entirely speculative. Defendants argue that the County must be joined because the Town *might* elect not to enforce Local Law #4 and, if that happened, the County or State might choose to unconstitutionally enforce the Building Code against Plaintiffs. Similarly, Defendants argue that the State must be joined because *if* the Town *and* the County were to opt out of enforcement of the Building Code, that responsibility would fall to the State. Thus, Defendants' motion is premised on what *might* happen. But the law is clear that mere speculation about a future event is insufficient to support a motion for joinder under Rule 19. Moreover, Defendants' speculation has no basis in fact, as Plaintiffs would actually *welcome* the Town's opting out of the enforcement "duties" it freely chose to assume. If the Town is concerned about the effects of opting out, the Town should opt out. As stressed in the Complaint, there is no reason to believe that the State or County would choose to enforce the Building Code in the same unlawful manner that Defendants have. Indeed, past history strongly suggests that no such problems would arise if the County or State were to assume enforcement of the Building Code.

Third, the State and the County will not be affected by any judgment that is rendered in this action, and thus have no interest in this action. Because Plaintiffs are challenging only Defendants' *enforcement and application* of Local Law #4, and not the facial constitutionality of the state statute under which Local Law #4 was promulgated (*i.e.*, the New York State Uniform Fire Prevention and Building Code (the "Building Code")), the State has no interest in, and is certainly not a required party to, this case. And even if the State or County were required parties

2

under Rule 19, Defendants have not offered any argument on whether it is feasible to join the State or the County. Accordingly, dismissal is inappropriate.

Lastly, Defendants' request for permissive joinder of the State and County under Rule 20 is improper. Because this case does not involve a challenge to the facial constitutionality of Local Law #4 or the Building Code, and because Plaintiffs are not complaining about any act by the State or the County, no right to relief is asserted against either of them, and no common question of law or fact will arise in this case.

## STATEMENT OF FACTS

Plaintiffs are adherents of the Swartzentruber Amish faith who reside within the Town of Morristown. (Goldberger Aff. ¶ 4.) The Swartzentruber Amish have lived in Morristown for many years. (*Id*.) They lived in peaceful coexistence with non-Amish Morristown residents until Defendant Lanetta Kay Davis was appointed as the Town's new Code Enforcement Officer. (*Id*. ¶ 5.) Not long after she was appointed, the Town enacted a new local law, "Local Law # 4." (*Id*. ¶ 6.) The purpose and intent of Local Law #4 is to, among other things, provide authority to the Town for "the administration and enforcement of the . . . Building Code." (Affidavit of Jacinda H. Conboy, Ex. A, Section 1.)

As explained in more detail in the Complaint, Defendant Davis (and the other Defendants) immediately began to enforce Local Law # 4 in a manner that violates Plaintiffs' civil rights. (Goldberger Aff. ¶ 7.) Prior to 2006 and Defendant Davis's arrival on the scene, the Swartzentruber Amish residents of the Town were granted building permits and otherwise peacefully coexisted with their non-Amish neighbors. (*Id*. ¶ 8.) Since the time that Local Law # 4 was adopted and Defendant Davis was appointed as the Town's Code Enforcement Officer, no Swartzentruber Amish resident of the Town has been granted a building permit, and any

3

Swartzentruber Amish resident who has tried to build, alter or move a structure on his property has been issued a criminal citation. (*Id*. ¶ 9.)

Plaintiffs allege, among other things, that the manner in which Defendants have enforced Local Law # 4 substantially burdens Plaintiffs' religious beliefs without a compelling governmental interest and that Defendants' actions do not constitute the least restrictive means to further any governmental interest Defendants may claim to have. (*Id*. ¶ 10.) Plaintiffs also allege that Davis harbors anti-Amish animus and has enforced Local Law # 4 selectively and discriminatorily against Plaintiffs because of their religious beliefs. (*Id*. ¶ 11.)

Importantly, nowhere in the Complaint do Plaintiffs contend that Local Law #4 (or the Building Code) is facially unconstitutional. (*Id*. ¶ 12.)

## ARGUMENT

### I. THE COURT SHOULD DENY DEFENDANTS' MOTION TO DISMISS BECAUSE IT CAN ACCORD COMPLETE RELIEF AMONG THE EXISTING PARTIES

Defendants have not met their burden under Fed. R. Civ. P. 19(a). Rule 19 sets forth a two-pronged test for determining whether a court must dismiss an action for failure to join a non-party. *See*, *e.g.*, *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724-25 (2d Cir. 2000); *LBA Int'l Ltd. v. C.E. Consulting LLC*, No. 08 Civ. 6797 (SAS), 2010 U.S. Dist. LEXIS 6240, at *9 (S.D.N.Y. Jan. 26, 2010). First, a court must determine whether the non-party belongs in the lawsuit. *See*, *e.g.*, *Viacom Int'l*, 212 F.3d at 724; *LBA Int'l Ltd.*, 2010 U.S. Dist. LEXIS 6240, at *8-9. As applicable here, a non-party must be joined only if, "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). *If* a court makes a threshold determination that a non-party is required to be joined under Rule 19(a), the court must then determine whether joinder of that non-party is feasible for jurisdictional or other

4

reasons.  *See*, *e.g.*, *Viacom Int'l*, 212 F.3d at 724; *LBA Int'l Ltd.*, 2010 U.S. Dist. LEXIS 6240, at *8-9.[3]  Defendants have failed to make any of these showings.

### A. Defendants' Motion Misconstrues The Complaint

Defendants contend that this Court cannot accord complete relief among existing parties, and that the State is a required party, because "any determination that [the Building Code] is unconstitutional by this Court would necessarily implicate the State and the [Building Code] itself."[4]  (Def. Br. at 5.)  Thus, according to Defendants, "any relief accorded to Plaintiffs would require selective enforcement of the [Code]" by the Town, County or State.  (Def. Br. at 5.)  Defendants are wrong, as their arguments are based on a fundamental misunderstanding of Plaintiffs' Complaint.  As set forth above, Plaintiffs are challenging Defendants' "administration and enforcement" of Local Law #4 and the Building Code.  (*See supra* at 2.)  This action has nothing to do with the facial constitutionality of Local Law #4 or the Building Code, but rather Defendants' application of those laws.  Because Defendants, by their own admission (*see* Def. Br. at 5), are exclusively responsible for the administering and enforcing the Code, and because they freely opted to do so, it is indisputable that the Court can accord complete relief among the existing parties to this litigation.

### B. Defendants' Motion Is Based Upon Unfounded Speculation

Defendants also contend that the County and State are required parties under Rule 19 because the Town "could" elect not to enforce the Code and, if it so elects, the County or State will be required to enforce the Code in the same manner that the Town is currently enforcing it.

---

[3]  Defendants concede that the joinder of the other parties is feasible (*see* Def. Br. at 4), therefore their motion to dismiss is not only untimely, but also completely unfounded.

[4]  Defendants have not even named a proper party as their potential State defendant.  Defendants move to join the "New York State Department [sic] of Code Enforcement and Administration." (Def. Br. at 1 & n.2).  However, the proper party is not a state division, but a state official.  *See Ex parte Young*, 209 U.S. 123 (1908).

5

(*See* Def. Br. at 4) (emphasis added).  This argument fails for two reasons.  First, Defendants' arguments are entirely speculative.  The Town has not yet opted out of enforcement and, critically, has not represented that it has any plans to do so.  (*See* Def. Br. at 2) (discussing opt-out provision).  Even if the Town were to opt out, there is no reason to believe that the County or State would enforce the Building Code in the same unconstitutional manner as the Town.  In fact, as described in the Complaint, the County and State have not shown any inclination to engage in unconstitutional code enforcement actions against the Amish.  Prior to 2006, the County worked with the Amish to resolve concerns over enforcement of state laws.  (Goldberger Aff. ¶ 13.)  With regard to the State, the Defendants have not cited, and the Plaintiffs are not aware, of any actions pending against the Amish by the State of New York, in St. Lawrence County or elsewhere.[5]  Defendants' claims are not only speculative, they are belied by the facts, as Defendants ask this Court to attribute unconstitutional actions to the County and State, but provide no factual basis for that argument.

Second, even if Defendants' speculation had a factual basis, it would be irrelevant.  "A party is necessary under Rule 19(a)(1) only if in that party's absence 'complete relief cannot be accorded *among those already parties*.'"  *MasterCard Int'l, Inc. v. Visa Int'l Serv. Ass'n., Inc.*, 471 F.3d 377, 385 (2d Cir. 2006) (emphasis added) (*quoting* Fed. R. Civ. P. 19(a)(1)).  "Rule 19(a)(1)(A) applies to current parties, not [to] the speculative possibility of further litigation between a party and an absent person."  *School Dist. v. Sec'y of U.S. Dep't of Educ.*, 584 F.3d 253, 265 (6th Cir. 2009) (en banc) (cert pet. filed Jan. 14, 2010) (internal quotations omitted) (*quoting LLC Corp. v. Pension Benefit Guar. Corp.*, 703 F.2d 301, 305 (8th Cir. 1983)).  As the

---

[5]  Plaintiffs are aware of only two other building code enforcement actions currently pending against Swartzentruber Amish in New York.  Both cases are in neighboring Hammond, and both were initiated by Defendant Davis during her tenure as Hammond's Code Enforcement Officer.  (Goldberger Aff. ¶ 14.)

6

Second Circuit explained, this rule applies even in cases where further litigation involving a non-party is inevitable. *See MasterCard Int'l,* 471 F.3d at 386-88 (concluding that Visa was not a required party in a suit between MasterCard and FIFA even though there was no question that further litigation between Visa and FIFA, and perhaps MasterCard and Visa, was inevitable).[6]

### C. The County And State Will Not Be Affected By Any Judgment In This Action

Because Plaintiffs are challenging only Defendants' *enforcement and application* of Local Law #4, and not the facial constitutionality of the Building Code, the County and State have no interest in, and are certainly not required parties to, this action. Defendants claim that a ruling in Plaintiffs' favor would subject the Town to enforcement actions by the State. (Def. Br. at 5-6.) Specifically, Defendants contend that if the Town "elect[s] to enforce the code" and then fails to do so, it might be subject to action by the State. (*Id.* (*citing* N.Y. EXEC. LAW § 381)). But Defendants have conceded that the Town has *the right* to opt out of Building Code enforcement at any time. (Def. Br. at 2). Nor does anything in N.Y. EXEC. LAW § 381 discuss, much less mandate, penalties against a municipality whose discriminatory code enforcement

---

[6] The cases Defendants cite are not to the contrary. *See Wymbs v. Republican State Executive Committee*, 719 F.2d 1072 (11th Cir. 1983) (plaintiffs sued the Republican State Executive Committee of Florida in order to change the selection of delegates to the Republican National Convention, but the court determined that the absent party, the Republican National Committee was necessary because only it had the power to determine which delegates were seated at the convention); *Chicago Teachers Union v. Johnson*, 639 F.2d 353, 358-59 (7th Cir. 1980) (U.S. Department of Labor's argument that it was not a necessary party fell flat because the state's determination would be administratively reviewed by the Department, which had final and actual decision-making authority over teacher's claims for benefits); *Kalinsky v. Long Island Lighting Co.*, 484 F. Supp. 176, 180 (E.D.N.Y. 1980) (court held in part that absent utility commission was necessary because utility could not opt out of commission's pricing structure). In all of these cases, the courts ruled that the absent party was necessary to accord plaintiffs complete relief. Here, the Town makes the ultimate decision whether to prosecute plaintiffs. Accordingly, Defendants' reliance on these cases is misplaced.

7

activities are enjoined by a federal court.  *See, generally,* N.Y. EXEC. LAW § 381(4) (describing state's discretionary enforcement powers against municipalities).

In short, because this Court can accord complete relief among the existing parties, Defendants cannot satisfy their burden under Rule 19(a) to show that joinder is required. Moreover, even if joinder of the State or County were required in order to accord complete relief, dismissal would not be warranted because Defendants have not even attempted to show that joinder is not feasible.

## II. THE COURT SHOULD DENY DEFENDANTS' REQUEST TO JOIN THE COUNTY AND STATE AS DEFENDANTS PURSUANT TO FED. R. CIV. P. 20

Defendants' alternative request to join the State and County pursuant to Fed. R. Civ. P. 20 is based on the same erroneous contention that Plaintiffs are challenging the facial constitutionality of the Building Code, rather than Defendants' manner of enforcing Local Law # 4.  (*See* Def. Br. at 7-8.)  Rule 20(a)(1) provides for the permissive joiner of a party as a defendant if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

As explained above (*see* Part I, *supra*), Defendants' purported understanding of the Complaint is incorrect.  Plaintiffs are not asserting any right to relief against the County or State, nor are they challenging the facial constitutionality of Local Law #4 or the Building Code. Plaintiffs are only challenging how Defendants choose to enforce Local Law # 4, which, Defendants concede (*see* Def. Br. at 5), is within the Town's exclusive control.  Because of this, and because there is no allegation in the Complaint concerning improper Building Code

8

enforcement actions by the State or County, no "right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" at issue in the Complaint, nor is there "any question of law or fact common to" them and Defendants.[7]  Fed. R. Civ. P. 20.

## CONCLUSION

For the foregoing reasons, this Court should deny Defendants' motion in its entirety.

Dated:  February 19, 2010
      New York, NY

Respectfully submitted,

By:_____/s/Michael T. Mervis_____
    Michael T. Mervis (Bar Number:  515353)
    Russell L. Hirschhorn  (Bar Number:  514527)
    Jason D. Gerstein (admitted *pro hac vice*)
    Daniel Goldberger (admitted *pro hac vice*)
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036
P: 212.969.3000
F: 212.969.2900

Eric Rassbach (admitted *pro hac vice*)
Lori H. Windham (admitted *pro hac vice*)
THE BECKET FUND FOR RELIGIOUS LIBERTY
1350 Connecticut Avenue, N.W., Suite 605
Washington, D.C.  20036
P: 202.955.0095

*Attorneys for Plaintiffs*

---

[7]  Although Defendants cite *Lopez v. Arraras*, 606 F.2d 347 (1st Cir. 1979), in support of their request to join the County and State pursuant to Rule 20, the decision has nothing to do with Rule 20.  Rather, like the other cases cited in Defendants' motion (*see supra* at n. 3), the court in *Lopez* concluded that an absent party, the Department of Housing and Urban Development ("HUD"), was necessary to accord complete relief.  The *Lopez* plaintiffs sought reimbursements from a program administered by the local government but funded by HUD.  *See id.* at 351-52.  HUD, rather than the local defendant, had control over the funds that would be used to pay the reimbursements to the plaintiffs.  *See id.* at 351-54.  Here, in contrast, neither the State or the County control the actions by Defendants that are the subject of Plaintiffs' claims.

9

**CERTIFICATE OF SERVICE**

       I hereby certify that on February 19, 2010, I electronically filed the foregoing Memorandum of Law and accompanying Affidavit of Daniel P. Goldberger with the Clerk of the Court using CM/ECF, which transmitted Notices of Electronic Filing generated by CM/ECF to the following:

Attorneys for Defendants:
Jacinda Conboy, Esq.
Lemire Johnson LLC
2534 Route 9, P.O. Box 2485
Malta, NY 12020
jhc@lemirejohnsonlaw.com

Gregg T. Johnson, Esq.
Lemire Johnson LLC
2534 Route 9, P.O. Box 2485
Malta, NY 12020
gtj@lemirejohnsonlaw.com

                                              /s/Michael T. Mervis
                                                Michael T. Mervis