# LEMIRE JOHNSON, LLC

Attorneys at Law

2534 Route 9, P.O. Box 2485, Malta, NY 12020
518.899.5700 ~ 518.793.9005
Fax 518.899.5487

February 26, 2010

*Via Electronic Filing*

Hon. George H. Lowe, U.S.M.J.
U.S.D.C. Northern District of New York
Northern District of New York
Syracuse, New York 13261

Re:   *Yoder, et al. v. Town of Morristown, et al.*
      Civil Case No.:   09-cv-0007 (TJM/GHL)

Dear Magistrate Lowe:

In anticipation of the conference with the Court scheduled for this afternoon and in light of the correspondence filed by both parties outlining the outstanding discovery disputes (Dkt. Nos. 44 and 45), I write to advise the Court that parties have met and conferred again and have narrowed the scope of the outstanding issues.

The outstanding issues are as follows:

1. Plaintiffs demand that Defendants produce all documents referenced on the Town's web-site and object to Defendant's invitation to inspect all such documents pursuant to FRCP §34.

2. Plaintiff contends that Defendants have not responded to Document Demand Number 69 a copy of which is annexed hereto. As can be seen by the response, Defendants have responded.

3. Plaintiff claims that Defendants have waived all objections to Plaintiff's First Request for Interrogatories as such are untimely. In addition, Plaintiffs claim that Defendants have failed to respond to Interrogatories 2, 5, 6, 7 and 16. Attached hereto please find copies of the relevant responses to Plaintiff's Demand for Interrogatories provided by the Defendants. Further, Plaintiffs were advised by letter dated February 16, 2010 that documents bearing Bates Nos. D8537 to D8555 were responsive to Interrogatory No. 7. With respect to Plaintiffs' claims that the Defendants have waived all objections, please see Defendants' letter dated August 12, 2009, in which Defendants requested an extension of time to respond to

LEMIRE JOHNSON, LLC
Yoder v. Town of Morristown, et al.
Page 2
February 26, 2010

        Plaintiffs' interrogatories. Defendants' request was granted by Plaintiffs without a firm deadline. As the Court is aware, at the August 20, 2009 mediation session, the

        parties agreed to suspend discovery. After a conference with the parties, this Court ordered a new scheduling order dated January 5, 2010. In addition, the Court issued a text order dated December 29, 2009, in which the Court advised the parties to exchange paper discovery by the end of January. Defendants' Interrogatories were timely served on January 29, 2010 in compliance with this Court's text order and directive to the parties.

4.     Plaintiff's have continuously questioned the Defendants' production of documents in this action and have accused Defendants of delay in the production of documents. We note that Plaintiffs did not fully responded to Defendants' demands dated April 28, 2009 until January 29, 2010. Defendants have produced approximately 8,500 documents.

5.     Plaintiffs have objected to and refuse to produce a copy of the retainer agreement and/or fee arrangement between Proskauer Rose, LLP and the Becket Fund for Religious Liberty. As Plaintiffs are seeking attorneys' fees in this lawsuit; as Proskauer Rose, LLP has indicated that they are handling this matter *pro bono*; and as the Beckett Fund represents themselves as being a public interest nonprofit law firm, as well as the recent decision in *Rocky Mountain Christian Church, et. al. v. Board of Commissioners of Boulder County, Colorado*, 2010 U.S. Dist. LEXIS 8273 (Dist. Colo 2010)(excluding form attorneys fees the Beckett Fund's communications with the press, supporters and member of Congress from attorneys fees), Defendant submits that such documents are relevant.

6.     There is a dispute with respect to priority of depositions. The Defendants served deposition notices on April 28, 2009, noticing Plaintiffs for deposition. The depositions have since been adjourned. We have advised Plaintiffs that we are not inflexible, and will work to cooperatively schedule depositions; however, Plaintiffs have taken the position that the Defendants do not have priority and that they will not be producing all Plaintiffs prior to the deposition of the Defendant(s).

    We believe that the issue with respect to the length of the Defendants' depositions of the Plaintiffs' has been resolved and Plaintiffs' counsel have generally consented to work with us with respect to our anticipation that the length of the depositions of Plaintiffs are likely to exceed seven (7) hours. In addition, as there are thirteen (13) Plaintiffs, all of whom we have noticed for a deposition, we seek permission from the Court to exceed the number of depositions proscribed by FRCP Rule 30. We anticipate that as discovery continues there will be additional non-party depositions as well.

LEMIRE JOHNSON, LLC
Yoder v. Town of Morristown, et al.
Page 3
February 26, 2010

       Thank you for the Court's anticipated courtesies and attentions to this matter.

                                    Respectfully yours,

                                    LEMIRE JOHNSON, LLC

                                    Jacinda H. Conboy
                                    Bar Roll No.: 105383
                                    jhc@lemirejohnsonlaw.com

JHC:dl
Attachments
cc:    Proskauer Rose LLP
        The Becket Fund for Religious Liberty
        Andrew Silver, Esq.

# LEMIRE JOHNSON, LLC

Attorneys at Law

2534 Route 9, P.O. Box 2485, Malta, NY 12020
518.899.5700 ~ 518.793.9005
Fax 518.899.5487

August 12, 2009

Michael Mervis, Esq.
Jason Gerstein, Esq.
Proskauer Rose, LLP
1585 Broadway
New York, New York 10036

Lori Windham, Esq.
The Becket Fund for Religious Liberty
1350 Connecticut Avenue, Suite 605
Washington, D.C. 20036

Re:   Yoder, et al. v. Town of Morristown, et al.
      Civil Case No.:   09-cv-0007 (TJM/GHL)

Counselors:

Enclosed please find:

1. Defendants' Response to Plaintiffs' First Set of Requests for the Production of Documents;

2. Defendant Lanetta Kay Davis' Response to Plaintiffs' Second Set of Requests for the Production of Documents; and

3. CD containing documents responsive to Plaintiffs' demands.

With respect to the Request for Interrogatories, it is requested a further short extension be granted so that Defendants' responses to such can be finalized.

Thank you.

Very truly yours,

LEMIRE JOHNSON, LLC

COPY

Jacinda H. Conboy
Jhc@lemirejohnsonlaw.com

JHC:dl
Enclosures

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

LEVI YODER, JONAS ZOOK, SAM ZOOK, JOHN L.
HERSHBERGER, MENNO S. HERSHBERGER, URIE
HERSHBERGER, MENNO L. GLICK, ANDY A. MILLER,
DANNIE L. SWARTZENTRUBER, MOSIE SWARTZENTRUBER,
PETER D. SWARTZENTRUBER, BISHOP HARVEY MILLER,
and BISHOP MOSE MILLER,

        Plaintiffs,     **Civil Case No.: 09-cv-0007**
                      **(TJM/GHL)**

- against -

TOWN OF MORRISTOWN, LANETTA KAY DAVIS, in her
official capacity; FRANK L. PUTMAN, in his official capacity;
HOWARD WARREN, in his official capacity; DAVID STOUT, III,
in his official capacity; MARK BLANCHARD, in his official
capacity; CHRISTOPHER COFFIN, in his official capacity; and
GARY TURNER, in his official capacity,

        Defendants.

---

## DEFENDANT LANETTA KAY DAVIS' SUPPLEMENTAL RESPONSE
## TO PLAINTIFFS' SECOND SET OF REQUESTS FOR THE
## PRODUCTION OF DOCUMENTS

As and for her amended response to Plaintiffs' Second Set of Requests for the Production of Documents, Defendant Lanetta Kay Davis (hereinafter "Defendant") by and through her attorneys, Lemire Johnson, LLC, set forth as follows:

**Document Request No. 62:**

All Documents and/or Communications relating to the Amish faith, Amish religious practices and/or Amish People.

-1-

D0048-D0053; D0066-D0096; D0097-D0119; and currently provided documents bearing Bates No. D7888-D7926.

**Document Request No. 69:**

All Documents reflecting Communications between you and David Yoder, the proprietor of AmishDeception.com and AmishAbuse.com.

**Response to Document Request No. 69:**

Defendant objects to Plaintiffs' Document Request Number "69" on the grounds that it seeks information that is not relevant to the claim or defense of any party or to the subject matter involved in the action, and the information it seeks is not reasonably calculated to the discovery of admissible evidence.

Notwithstanding the foregoing objections, and without in any manner waiving the foregoing objections, Defendant responds as follows: Defendant Kay Davis has no such materials that were obtained in her official capacity; see also, documents currently annexed hereto bearing Bates Nos. D7888-D7926.

**Document Request No. 70:**

All Documents and/or Communications relating to your work as a code enforcement officer in the Town of Hammond.

**Response to Document Request No. 70:**

Defendant objects to Plaintiffs' Document Request Number "70" on the grounds that it seeks information that is not relevant to the claim or defense of any party or to the subject matter involved in the action, and the information it seeks is not reasonably calculated to the discovery of admissible evidence; on the grounds that it is overly broad and on the grounds that it seeks information covered

by the attorney-client and/or attorney-work product privilege.

Notwithstanding the foregoing objections and without in any manner waiving the foregoing objections, Defendant respond as follows: all such documents are in the possession of the Town of Hammond.

**DEFENDANT RESERVES HER RIGHT TO AMEND, MODIFY OR SUPPLEMENT HER RESPONSES TO THIS DOCUMENT DEMAND UP TO AND INCLUDING THE DATE OF TRIAL**

Dated: January 29, 2010

                                  LEMIRE JOHNSON, LLC

                By: *Jacinda H. Conboy*
                     Gregg T. Johnson, Esq. (506443)
                     Jacinda H. Conboy, Esq. (105383)
                     Attorneys for Defendants
                     2534 Route 9 - P.O. Box 2485
                     Malta, New York 12020
                     Tel:   (518) 899-5700
                     Fax:  (518) 899-5487
                     Email: jhc@lemirejohnsonlaw.com
                               gtj@lemirejohnsonlaw.com

TO:    PROSKAUER ROSE LLP
        Michael T. Mervis, Esq. (515353)
        Jason Gerstein, Esq.
        Jed W. Friedman, Esq.
        Attorneys for Plaintiffs
        1585 Broadway
        New York, New York 10036
        Tel:   212-969-3000
        Fax:  212-969-2900
        Email: mmervis@proskauer.com
                     jgerstein@proskauer.com
                     jfriedman@proskauer.com

THE BECKET FUND FOR RELIGIOUS LIBERTY

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

LEVI YODER, JONAS ZOOK, SAM ZOOK, JOHN L.
HERSHBERGER, MENNO S. HERSHBERGER, URIE
HERSHBERGER, MENNO L. GLICK, ANDY A. MILLER,
DANNIE L. SWARTZENTRUBER, MOSIE SWARTZENTRUBER,
PETER D. SWARTZENTRUBER, BISHOP HARVEY MILLER,
and BISHOP MOSE MILLER,

         Plaintiffs,    Civil Case No.: 09-cv-0007
                      (TJM/GHL)

- against -

TOWN OF MORRISTOWN, LANETTA KAY DAVIS, in her
official capacity; FRANK L. PUTMAN, in his official capacity;
HOWARD WARREN, in his official capacity; DAVID STOUT, III,
in his official capacity; MARK BLANCHARD, in his official
capacity; CHRISTOPHER COFFIN, in his official capacity; and
GARY TURNER, in his official capacity,

         Defendants.

---

## DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR INTERROGATORIES

  Defendant, the Town of Morristown, and Town Officials, (hereinafter collectively "Defendant") by and through its attorneys, Lemire Johnson, LLC, as and for its response to Plaintiffs' First Request for Interrogatories respond as follows:

### INTERROGATORY NO. 1

  Identify the name and last-known address of all Persons whom Defendants believe to have knowledge or information concerning any of the issues raised by the allegations in the Complaint, whether Defendants intend to use that information to support their own defenses or not, and for each Person so identified, briefly state the substance of the knowledge or information that Defendants

1

## INTERROGATORY NO. 2

Identify all documents that Defendants intend to use at trial to support the defenses set forth in the Answer.

## RESPONSE TO INTERROGATORY NO. 2:

Defendant objects to Plaintiffs Interrogatory Number "2" to the extent said request/interrogatory seeks legal analysis, attorney work-product, and/or conclusion and on the basis that discovery is not complete.

## INTERROGATORY NO. 3

Identify each Person from whom any written statements, declarations, or affidavits have been taken and/or received concerning this action and/or the Underlying Actions.

## RESPONSE TO INTERROGATORY NO. 3:

Upon information and belief, none.

## INTERROGATORY NO. 4

Identify and describe any and all government interests, including health and safety interests, Defendants are furthering by, or relying upon, in taking administrative action and legal action, including code enforcement action, against Plaintiffs.

## RESPONSE TO INTERROGATORY NO. 4:

Defendant objects to Plaintiffs' Interrogatory Number "4" to the extent said Interrogatory seeks legal analysis and/or conclusions. Notwithstanding such objection, Defendant responds as follows: *Upon information and belief, the health and safety concerns furthered by the Town's Code Enforcement including promoting the construction of residential dwellings that are structurally sound, suitable for the weather and temperature conditions in Morristown, and are safe for owners,*

4

*occupants, emergency response personnel and the public.*

### INTERROGATORY NO. 5

Identify and describe in detail the "compelling governmental interest" described in Paragraph 177 of the Answer.

### RESPONSE TO INTERROGATORY NO. 5:

Defendant objects to Plaintiffs' Interrogatory Number "5" to the extent said Interrogatory seeks legal analysis and/or conclusions.

### INTERROGATORY NO. 6

With respect to each governmental interest referred to in your responses to these Interrogatories (including specifically Interrogatories 4 and 5) and in Paragraph 177 of the Answer, describe in detail the means Defendants used to further that interest, the process Defendants used to determine that those means were the least restrictive means available to further that interest, including each Person involved in this process, all other less restrictive methods Defendants considered using (including any studies conducted of alternative means), and why Defendants chose not to employ such methods.

### RESPONSE TO INTERROGATORY NO. 6:

Defendant objects to Plaintiffs' Interrogatory Number "6" to the extent said Interrogatory seeks legal analysis and/or conclusions. Defendant further objects to Interrogatory Number "6" on the grounds that it contains multiple questions/interrogatories and thus exceeds the limit proscribed by FRCP 33.

### INTERROGATORY NO. 7

Identify in a list all the Inspections that Defendants conducted pursuant to the Building Code,

5

including the location and date of the Inspections; whether the Inspection was in response to a complaint, was discretionary, or was mandatory; the name of the Person who decided the Inspection should take place; and whether any citations or other enforcement actions resulted from the Inspection.

### RESPONSE TO INTERROGATORY NO. 7:

Defendant objects to Plaintiffs' Interrogatory Number "7" on the grounds that it seeks information that is not relevant to the claim or defense of any party or to the subject matter involved in the action, and the information it seeks is not reasonably calculated to the discovery of admissible evidence and on the grounds that it is overly broad.

Notwithstanding the foregoing objections, and without in any manner waiving the foregoing objections, Defendant responds as follows: Defendant reserves its right to supplement this interrogatory.

### INTERROGATORY NO. 8

Identify each Person having knowledge or information, and all documents, concerning the decision to implement Local Law #4 and other Local Laws, the enforcement of Local Law #4 and other Local Laws against Amish residents, and the enforcement of Local Law #4 and other Local Laws against non-Amish residents.

### RESPONSE TO INTERROGATORY NO. 8:

*Upon information and belief, Kay Davis. See also documents previously provided bearing Bates Nos. D0043, D00138-D3029; and D3162 - D5861.*

### INTERROGATORY NO. 9

Please identify by name and position all persons who participated in searching the Town's

6

**RESPONSE TO INTERROGATORY NO. 14:**

Defendant objects to Plaintiffs' Interrogatory Number "14" on the grounds that it seeks information that is not relevant to the claim or defense of any party or to the subject matter involved in the action, and the information it seeks is not reasonably calculated to the discovery of admissible evidence.

Notwithstanding the foregoing objections, and without in any manner waiving the foregoing objections, Defendant responds as follows:   Defendant does not possess information responsive to this Interrogatory.

**INTERROGATORY NO. 15**

Identify all Persons who contacted any Defendant to express any complaint, objection to or reservation about Defendants' code enforcement actions against Plaintiffs, and further identify which Defendant(s) such Person contacted and the date(s) and methods of such contact.

**RESPONSE TO INTERROGATORY NO. 15:**

Defendant objects to Plaintiffs' Interrogatory Number "15" on the grounds that it seeks information that is not relevant to the claim or defense of any party or to the subject matter involved in the action, and the information it seeks is not reasonably calculated to the discovery of admissible evidence.

Notwithstanding the foregoing objections, and without in any manner waiving the foregoing objections, Defendant responds as follows:

*Marianne Fisher.*

**INTERROGATORY NO. 16**

Identify any and all Persons who took part in preparing the Answer and responding to

10

Plaintiffs' Discovery Requests and identify the interrogatory, interrogatories or request(s) on which each such Person took part.

**RESPONSE TO INTERROGATORY NO. 16:**

Defendant objects to Plaintiffs' Interrogatory Number "16" on the grounds that it seeks information that is not relevant to the claim or defense of any party or to the subject matter involved in the action, and the information it seeks is not reasonably calculated to the discovery of admissible evidence and on the grounds that it seeks information covered by the attorney-client and/or attorney-work product privilege.

**INTERROGATORY NO. 17**

For each Plaintiff who has been subject to Building Code enforcement actions, identify and describe in detail how Defendants discovered or were notified of the Plaintiff's construction, home improvement and/or building relocation activities.

**RESPONSE TO INTERROGATORY NO. 17:**

Defendant objects to Plaintiffs' Interrogatory Number "17" on the grounds that it seeks information that is not relevant to the claim or defense of any party or to the subject matter involved in the action, and the information it seeks is not reasonably calculated to the discovery of admissible evidence.

Notwithstanding the foregoing objections, and without in any manner waiving the foregoing objections, Defendant responds as follows: *Kay Davis observed construction, home improvement or relocation activities while driving throughout the Town of Morristown performing her regular course of duties, by permit applications and by anonymous complaints received.*

11

Notwithstanding the foregoing objections, and without in any manner waiving the foregoing objections, Defendant responds as follows:

*Communications took place between Kay Davis and Dave Hall and Richard Thompson of the State of New York Department of State, Division of Code Enforcement and Administration relative to procedures and alternative options that could be provided that complied with the New York State Building and/or Fire Codes; Ron Piester, Director of the Division of Code Enforcement and Administration of the New York State Department of State relative to guidance on building codes and applicable laws; State Senator Darrel Aubertine relative to possible legislation exempting the Amish from adhering to the Building Codes; and Tim Tuttle, relative to prior submissions by Amish community members of engineered plans prepared by an architect, and alternative solutions reached with Amish community members.*

**DEFENDANTS RESERVE THEIR RIGHTS TO AMEND, MODIFY OR SUPPLEMENT THE RESPONSES TO THESE INTERROGATORIES UP TO AND INCLUDING THE DATE OF TRIAL**

Dated: January 21, 2010

LEMIRE JOHNSON, LLC

By: *[signature]*
Gregg T. Johnson, Esq. (506443)
Jacinda H. Conboy, Esq. (105383)
Attorneys for Defendants
2534 Route 9 - P.O. Box 2485
Malta, New York 12020
Tel:   (518) 899-5700
Fax:   (518) 899-5487
Email: jhc@lemirejohnsonlaw.com
           gtj@lemirejohnsonlaw.com

## VERIFICATION

STATE OF NEW YORK        )
                         )
COUNTY OF ST. LAWRENCE   ) SS.:

LANETTA KAY DAVIS, being duly sworn, deposes and says that:

    Deponent is the Code Enforcement Officer for the Town of Morristown, the Defendant in the within action; that deponent has read the foregoing Response to Plaintiffs' First Request for Interrogatories; knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

_____
LANETTA KAY DAVIS

Sworn to before me this

22nd day of January, 2010.

_____
Notary Public

Debra Lewendon
Notary Public # 01LE4845307
Qualified in Albany County
My commission expires 4/30/201_1_

17