# EXHIBIT A

Dockets.Justia.com

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEVI YODER, JONAS ZOOK, SAM ZOOK, JOHN L. HERSHBERGER, MENNO S. HERSHBERGER, URIE HERSHBERGER, MENNO L. GLICK, ANDY A. MILLER, DANNIE L. SWARTZENTRUBER, MOSIE SWARTZENTRUBER, PETER D. SWARTZENTRUBER, BISHOP HARVEY MILLER, and BISHOP MOSE MILLER, | : <br> : <br> : <br> : <br> : |
| Plaintiffs, | :     Case No.: 09-CV-0007 (TJM/GHL) |
| v. | :     <u>ECF CASE</u> |
| TOWN OF MORRISTOWN, LANETTA KAY DAVIS, in her official capacity; FRANK L. PUTMAN, in his official capacity; HOWARD WARREN, in his official capacity; DAVID STOUT III, in his official capacity; MARK BLANCHARD, in his official capacity; CHRISTOPHER COFFIN, in his official capacity; and GARY TURNER, in his official capacity, | : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

## PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(B)(7), OR, IN THE ALTERNATIVE, TO JOIN ADDITIONAL PARTIES

Michael T. Mervis (Bar Number: 515353)
Russell L. Hirschhorn (Bar Number: 514527)
Jason D. Gerstein (admitted *pro hac vice*)
Daniel Goldberger (admitted *pro hac vice*)
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036
P: 212.969.3000

Eric Rassbach (admitted *pro hac vice*)
Lori H. Windham (admitted *pro hac vice*)
THE BECKET FUND FOR RELIGIOUS
LIBERTY
1350 Connecticut Avenue, N.W., Suite 605
Washington, D.C. 20036
P: 202.955.0095
*Attorneys for Plaintiffs*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES .................................................................................................. ii

ARGUMENT .......................................................................................................................... 1

    Plaintiffs contend that the Building Code as applied to them and as discriminatorily enforced against them violates their rights. ........................................................................... 1

    Plaintiffs' newly asserted motion to strike is improper. ............................................. 4

CONCLUSION ....................................................................................................................... 4

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*Catholic Charities of Diocese of Albany v. Serio,*
859 N.E.2d 459 (N.Y. 2006)...............................................................................................3

*Church of Lukumi Babalu Aye v. City of Hialeah,*
508 U.S. 520 (1993)............................................................................................................3

*Field Day, LLC v. County of Suffolk,*
463 F.3d 167 (2d Cir. 2006)............................................................................................2, 3

*Marchi v. Bd. of Coop. Educ. Servs.,*
173 F.3d 469 (2d Cir. 1999)...............................................................................................2

*Playboy Enters., Inc. v. Dumas,*
960 F. Supp. 710 (S.D.N.Y. 1997), *aff'd*, 159 F.3d 1347 (2d Cir. 1998)..................4

*United States v. Salerno,*
481 U.S. 739 (1987)............................................................................................................2

*Vormwald v. Liberty Mut. Life Assurance Co.,*
2007 U.S. Dist. LEXIS 62631 (N.D.N.Y. Aug. 23, 2007) ........................................4

*Westchester Day Sch. v. Vill. of Mamaroneck,*
504 F.3d 338 (2d Cir. 2007)...............................................................................................1

*Yeshiva Chofetz Chaim Radin, Inc. v. Vill. of New Hempstead,*
98 F. Supp. 2d 347 (S.D.N.Y. 2000)..................................................................................2

### STATUTES

FED. R. CIV. P. 19 ...............................................................................................................4

FED. R. CIV. P. 20 ...............................................................................................................4

LOCAL RULE 7.1 ...............................................................................................................4

N.Y. ALCOHOLIC BEV. CODE § 65...................................................................................3

In further support of their opposition to Defendants' motion to dismiss, or in the alternative, to join New York State (the "State") and St. Lawrence County (the "County") Plaintiffs submit this Sur-Reply to address two issues:

*First*, Defendants fail to appreciate the distinction between, on the one hand,  a "facial" challenge to the NYS Building Code (the "Building Code"); and, on the other hand, an "as-applied" or "discriminatory enforcement" challenge to the Building Code.  As Plaintiffs' Complaint and Opposition make perfectly clear, Plaintiffs are *not* making a facial challenge to the Building Code, *i.e.*, Plaintiffs are *not* contending that there exists no set of circumstances under which the Building Code would be valid.  Rather, Plaintiffs *are* contending that the Building Code "as-applied" to them by Defendants is unlawful, and that Defendants *are* discriminatorily enforcing the Building Code against them.

*Second*, Defendants' Reply impermissibly moves to strike portions of Plaintiffs' Complaint.  Even if Defendants' motion had legal merit — which it does not — it is well established that a party cannot raise a new motion in a reply brief.

## **ARGUMENT**

### ***Plaintiffs contend that the Building Code as applied to them and as discriminatorily enforced against them violates their rights.***

Defendants' motion is predicated on a fundamental misunderstanding of Plaintiffs' claims.  A statute's constitutionality can be challenged two ways:  (i) a facial challenge, which challenges the constitutionality of the law itself; or (ii) an as-applied challenge, which challenges the particular circumstances of enforcement of a law in a particular case.[1]  "[I]t seems too obvious to state, but apparently is not, that a constitutional law must be enforced in a

---

[1] Defendants also misstate the basis of Plaintiffs' claims under RLUIPA.  RLUIPA is frequently used to challenge the application of otherwise constitutional regulatory statutes.  *See, e.g., Westchester Day Sch. v. Vill. of Mamaroneck,* 504 F.3d 338 (2d Cir. 2007).

constitutional manner; for if the validity of a law was all that mattered, there would be no such thing as an 'as applied' challenge." *Field Day, LLC v. County of Suffolk*, 463 F.3d 167, 191 (2d Cir. 2006) (holding state statute facially constitutional, but invalidating county's application in that case); *see United States v. Salerno*, 481 U.S. 739 (1987) (a facial challenge to a statute requires that a plaintiff must prove that there exists no set of circumstances under which the statute would be valid); *Marchi v. Bd. of Coop. Educ. Servs.*, 173 F.3d 469, 479-480 (2d Cir. 1999) (distinguishing between facial and as-applied challenges to a statute).  Discriminatory enforcement challenges, which challenge the enforcement of a law based upon facts suggesting discrimination against a protected class, are but one subset of as-applied challenges.  *See, e.g.*, *Yeshiva Chofetz Chaim Radin, Inc. v. Vill. of New Hempstead*, 98 F. Supp. 2d 347, 353 (S.D.N.Y. 2000) ("a decision to enforce or prosecute a law or ordinance may not be deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification") (internal quotations omitted) (citations omitted).

Although Defendants contend that Plaintiffs are challenging the facial constitutionality of the Building Code, the Complaint makes no such allegation.  The Complaint plainly contends that Defendants' application and discriminatory enforcement of the Building Code violates the Plaintiffs' rights.  *See* Compl. ¶¶ 11-14, 54-103.  To that end, Plaintiffs' claims are exclusively against the Town of Morristown and its officers; they are not against the State or County.

Defendants appear to believe that Plaintiffs' Complaint challenges the facial validity of the Building Code because, according to Defendants, the Building Code requires Plaintiffs to obtain architect-stamped plans, install battery powered smoke detectors, install building hurricane tie downs and install frost protected foundations.  (*See* Def. Reply Br. at 2-6.) Defendants thus contend that they have no prosecutorial discretion and are *forced* to prosecute

-2-

the Amish for violations of the Building Code.  To the contrary, Defendants' assertions are belied by both the law and the undisputed facts.  Because they are bound not just by state statutes, but also by the state and federal constitutions, local governments are liable if they enforce statutes in an unconstitutional manner, even if those statutes are written by the state.  *See Field Day, LLC*, 463 F.3d at 191-94 (county officers liable for unconstitutional enforcement of facially constitutional statute); *see also Church of Lukumi Babalu Aye v. City of Hialeah,* 508 U.S. 520, 537-38, 548-49 (1993) (invalidating city ordinance which reiterated otherwise constitutional state statute because "the interpretation given to the ordinance" violated the Free Exercise Clause).  Indeed, under Defendants' crabbed understanding of the United States and New York constitutions, the State violates its own law by failing to prosecute Catholic priests who administer first communion to minor children their first communion, since New York law prohibits giving alcohol to minors.  *See* N.Y. Alcoholic Bev. Code § 65 (no exception for religious services).  Similarly, Defendants' position would be that the State *must* prosecute kosher butchers if their methods do not conform precisely to modern meatpacking regulations. *See Catholic Charities of Diocese of Albany v. Serio,* 859 N.E.2d 459, 467 (N.Y. 2006) (listing communion wine and kosher slaughter as unwritten exceptions to regulatory laws mandated by the New York constitution).  Defendants' forced prosecution argument thus leads to absurd results.

If Defendants have no prosecutorial discretion, how is it that the Amish lived peacefully in Morristown for twenty years prior to the arrival of Defendant Davis?  Similarly, every other municipality in New York with Amish residents must be liable for violating the law because none of them is prosecuting the Amish.  In reality, Morristown was not violating the law by allowing the Amish to live among its citizens — it was simply following constitutional law.

***Plaintiffs' newly asserted motion to strike is improper.***

In their Reply Brief, Defendants also improperly move to strike portions of the Complaint.  Even if Defendants' newly asserted motion had legal merit (which it does not), its newly raised arguments are procedurally improper since new motions may not be made in a reply brief.  *See Playboy Enters., Inc. v. Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997) ("Arguments made for the first time in a reply brief need not be considered by a court."), *aff'd*, 159 F.3d 1347 (2d Cir. 1998).  In fact, such a motion requires a separate memorandum of law, supporting affidavit and return date.  *See*, *e.g.*, Local Rule 7.1; *Vormwald v. Liberty Mut. Life Assurance Co.*, 2007 U.S. Dist. LEXIS 62631 (N.D.N.Y. Aug. 23, 2007).

## <u>CONCLUSION</u>

For these reasons and those stated in Plaintiffs' Opposition Brief, the County and State are not necessary parties under Fed. R. Civ. P. 19, and Plaintiffs have not asserted any right to relief against them, nor invoked any common question of law, under Rule 20.[2]

Dated:  March 2, 2010
        New York, NY

                                Respectfully submitted,

                                By:  _____/s/Michael T. Mervis_____
                                        Michael T. Mervis (Bar Number:  515353)
                                        Russell L. Hirschhorn  (Bar Number:  514527)
                                        Jason D. Gerstein (admitted *pro hac vice*)
                                        Daniel Goldberger (admitted *pro hac vice*)
                                PROSKAUER ROSE LLP
                                1585 Broadway
                                New York, NY 10036
                                P: 212.969.3000

---

[2] Under Rule 20, it is necessary to show both a common question of law *and* a right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences."  Fed. R. Civ. P. 20.  Defendants do not explain how the County or State are involved in the same transaction or series of transactions detailed in the Complaint.  Such an argument would be impossible, since neither the State nor County has attempted to enforce the Building Code against Plaintiffs, and there is no allegation that the State or County has had any direct involvement in Defendants' enforcement actions against Plaintiffs.

F: 212.969.2900

Eric Rassbach (admitted *pro hac vice*)
Lori H. Windham (admitted *pro hac vice*)
THE BECKET FUND FOR RELIGIOUS LIBERTY
1350 Connecticut Avenue, N.W., Suite 605
Washington, D.C.  20036
P: 202.955.0095
*Attorney for Plaintiffs*