

**Proskauer》**  Proskauer Rose LLP   1585 Broadway   New York, NY 10036-8299

August 13, 2010

Daniel P. Goldberger
Attorney at Law
d 212.969.3174
f 212.969.2900
dgoldberger@proskauer.com
www.proskauer.com

**By ECF**

The Honorable George H. Lowe
United States Magistrate Judge
U.S. District Court for the Northern District of New York
P.O. Box 7346
Syracuse, New York 13261-7346

Re: _Yoder, et al. v. Town of Morristown, et al._, Civil Case No.: 09-cv-00007 (TJM/GHL)

Dear Judge Lowe:

We, along with the Becket Fund for Religious Liberty, are counsel for the Plaintiffs in the above-referenced action. We write to seek the Court's intervention with regard to Defendants' continued failure to comply with several discovery Orders as well as Defendants' discovery obligations under the Federal Rules of Civil Procedure. Although the parties have, with Your Honor's assistance, re-opened settlement discussions, document discovery has not been stayed. Accordingly, we request that the Court direct Defendants to provide the discovery identified below by a date certain.

Failure to Produce Documents Ordered by the Court

By letter dated January 25, 2010, we notified Defendants of deficiencies in their response to Plaintiffs' document request number 69 (the "Kay Davis Documents"). (_See_ Exhibit 1.) Defendants never responded to our letter. Then, on February 5, Defendants—without conferring with us—filed a "status report" with the Court identifying what they claimed to be the open discovery issues. However, Defendants' unilateral "status report" failed to address any of the issues raised in our January 25, 2010 letter. We brought this to the attention of the Court by letter dated February 9, 2010. (_See_ Exhibit 2.) In advance of the February 26, 2010 status conference before Your Honor, we reached out to Defendants in an effort to narrow the open discovery issues. The parties conferred by telephone on February 18, 2010 and during that call, Defendants informed us that all of the Kay Davis Documents had been produced. When we asked whether Ms. Davis's personal computer(s) had been searched, Defendants responded that we were not entitled know whether Ms. Davis's personal computer(s) had been searched because such information was "privileged." Although we objected to Defendants' improper privilege claim, Defendants refused to confirm—one way or another—what had been searched.

During the status conference before Your Honor on February 26, 2010, Defendants informed us that, despite their prior representations that all the Kay Davis Documents had been produced, Defendants had hired a forensic expert to review Ms. Davis's (as well as possibly other) computer(s). Your Honor then ordered Defendants to produce the requested Kay Davis Documents. (_See_ Exhibit 3.) Nearly two months later, and still having not received a single Kay

Proskauer»

The Honorable George H. Lowe
Page 2 of 3
August 13, 2010

Davis Document, we wrote to Defendants to inquire about the status of their document
production. (*See* Exhibit 4.) Defendants responded by letter dated May 5, 2010 and stated that
they would produce the Kay Davis Documents by June 30, 2010 (over four months after Your
Honor directed Defendants to produce the documents).

In response to Plaintiffs' request for a discovery conference (*see* Exhibit 5), the parties
attended an in-person conference before your Honor on May 24, 2010, during which we
discussed, among other things, Defendants' continued failure to produce any Kay Davis
Documents. Defendants' counsel assured us, and the Court, that they would begin producing the
Kay Davis Documents on a rolling basis commencing within two weeks. However, by email
dated June 15, 2010, Defendants stated that they needed more time to review the documents.
(*See* Exhibit 6.) Over one month after the conference, on July 1, 2010, Defendants finally made
an initial production of some Kay Davis Documents.

On July 15, 2010, we asked Defendants when they intended to complete their production
of the Kay Davis Documents. Defendants informed us that more documents would be produced
but did not provide a timetable. We followed up by letter on July 23, 2010 (*see* Exhibit 7), but
Defendants have not produced any other Kay Davis Documents, or even responded to our July
23 letter.

Privilege Log Deficiencies

At the February 26, 2010 status conference, your Honor ordered Defendants to produce
a privilege log. (*See* Exhibit 3.) On April 22, 2010, nearly two months later, we reminded
Defendants of the Court's Order because we had not received their privilege log. (*See* Exhibit
4.) On May 5, 2010, Defendants responded, informing us that they would produce a privilege
log on May 14, 2010—two and half months after they were directed to do so. Although
Defendants produced a one-page "privilege log" on May 12, 2010, it did not meet the
requirements set forth in Fed. R. Civ. P. 26(b)(5). On May 17, 2010, Defendants produced an
amended privilege log, but that too failed to comply with Fed. R. Civ. P. 26(b)(5). By letter
dated May 19, 2010, Plaintiffs notified Defendants of the specific deficiencies in their amended
privilege log, including that it failed to provide adequate descriptions and did not properly
identify the documents withheld. (*See* Exhibit 8.) Defendants produced a second amended
privilege log the next day, but like the prior versions, it too did not satisfy the requirements of
Fed. R. Civ. P. 26(b)(5).

During the in-person status conference before Your Honor on May 24, 2010, we brought
this issue to the Court's attention. Your Honor directed us to write Defendants a letter specifying
the deficiencies in their second amended privilege log and we did so by letter dated June 3, 2010.
In that letter, we informed Defendants that their second amended privilege log contained
insufficient descriptions, improper claims to privilege and also contained inconsistencies with
respect to their prior iterations of the privilege log. (*See* Exhibit 9.) Defendants neither
responded to our letter, nor produced an amended privilege log. Then, after the July 15, 2010
conference, we again reminded Defendants that they had not responded to our June 3, 2010

Proskauer≫

The Honorable George H. Lowe
Page 3 of 3
August 13, 2010

letter.  Later that day, Defendants sent a letter asking us to identify individuals on our own privilege log, while continuing to ignore our letters and other months-old issues that we had raised.  (*See* Exhibit 10.)  We promptly responded to Defendants' July 15, 2010 letter on July 23, 2010 and again reminded Defendants of our outstanding requests.  (*See* Exhibit 7.)  Defendants have yet to respond to either our June 3, 2010 or July 23, 2010 letters and, to date, Defendants have not produced a privilege log that complies with Fed. R. Civ. P. 26(b)(5).

                              *        *        *

        It is unfortunate that we are, once again, constrained by Defendants' conduct to seek the Court's intervention with respect to the same discovery issues that have been addressed by the Court multiple times, but Defendants' persistent failure to comply with the Court's Orders and discovery obligations under the Federal Rules has left us with no other choice.  In the past, Defendants have complained that our discovery requests have diverted their attention from settlement efforts.  Such a complaint is, at best, disingenuous, in light of the fact that Defendants have found time to make their own discovery demands on Plaintiffs.  (*See, e.g.*, Exhibit 10.)

        Although we remain cautiously optimistic that the parties can reach a settlement of this action, the requested document discovery is necessary because we must be prepared to move forward with this case in the event that the settlement talks break down.

        We thank the Court for its attention to this matter.

Respectfully,

Daniel P. Goldberger

cc:     <u>All By ECF</u>

        Gregg T. Johnson, Esq.
        Jacinda H. Conboy, Esq.
        Lori H. Windham, Esq.
        Eric C. Rassbach, Esq.
        Michael T. Mervis, Esq.
        Russell L. Hirschhorn, Esq.
        Jason D. Gerstein, Esq.
        Rachelle L. Laroche, Esq.

# EXHIBIT 1



Proskauer≫   Proskauer Rose LLP   1585 Broadway   New York, NY 10036-8299

Russell L. Hirschhorn
Attorney At Law
d 212.969.3286
f 212.969.2900
rhirschhorn@proskauer.com
www.proskauer.com

January 25, 2010

**By Electronic Mail and First Class Mail**

Jacinda H. Conboy, Esq.
Lemire Johnson, LLC
2534 Route 9
P.O. Box 2485
Malta, NY 12020

Re:   *Yoder et al. v. Town of Morristown et al.*, No. 09-cv-0007 (TJM/GHL)

Dear Jacinda:

We are in receipt of your January 22, 2010 letter and pleadings enclosed therewith, and write to identify certain deficiencies contained in those pleadings. They are as follows:

1.      Plaintiffs' Document Request No. 69 to Defendant Davis is not limited to documents held and/or obtained in her official capacity. Please provide any and all documents responsive to this request whether held or obtained in her personal or official capacity.

2.      Please provide the bates number(s) of the "Agreement" referred to in response to Plaintiffs' Document Request No. 23, as Gregg agreed to do during our meet and confer on January 13, 2010.

3.      Defendants have failed to provide any responsive documents for Plaintiffs' Document Request No. 34, a deficiency which we originally noted in our letter of December 22, 2009. As we explained there, the documents requested are relevant to the issue of how Local Law #4 and the Building Code are enforced against residents of Morristown. We also note that Local Law #4 requires the production of such reports. Please provide any and all documents responsive to this request. If Defendants have no documents responsive to these requests, please affirmatively state so.

4.      It is unclear whether Defendants will be producing documents on or before January 29, 2010 in response to Plaintiffs' Document Request Nos. 31, 51 and 57. If Defendants have no documents responsive to these requests, please affirmatively state so.

5.      In light of the fact that Defendants failed to respond to Plaintiffs' First Request for Interrogatories within the time permitted by the Federal Rules of Civil Procedure, Defendants have waived any objections they may have had to these interrogatories. Accordingly, to the extent Defendants have not responded to one or more of Plaintiffs' interrogatories, *i.e.*,

# Proskauer»

Jacinda H. Conboy, Esq.
January 25, 2010
Page 2

Interrogatory Nos. 2, 5, 6, 7 and 16, or to the extent they have provided only partial responses, Defendants should provide complete responses forthwith.

Upon receipt and review of the documents Defendants committed to producing to Plaintiffs on or before January 29, 2010, we will let you know whether there are any additional issues that need to be resolved.

Very truly yours,

Russell L. Hirschhorn

cc      All By Email
        Gregg T. Johnson, Esq.
        Lori Windham, Esq.
        Michael T. Mervis, Esq.
        Jason D. Gerstein, Esq.
        Daniel P. Goldberger, Esq.
        Rachelle L. LaRoche, Esq.

# EXHIBIT 2



**Proskauer»** Proskauer Rose LLP   1585 Broadway   New York, NY 10036-8299

February 9, 2010

**By ECF**

Hon. George H. Lowe
United States Magistrate Judge
Federal Building and U.S. Courthouse
P.O. Box 7346
Syracuse, NY 13261-7346

Daniel P. Goldberger
Attorney at Law
d 212.969.3174
f 212.969.2900
dgoldberger@proskauer.com
www.proskauer.com

Re: *Yoder, et al. v. Morristown, et al.*, Civil Case No.: 09-cv-0007 (TJM/GHL)

Dear Judge Lowe:

We, along with our co-counsel, the Becket Fund For Religious Liberty ("Becket"), represent the Plaintiffs in the above-referenced matter and write with respect to Defendants' supposed "status report" filed with the Court on February 5, 2010. We note at the outset that Defendants did not consult with us before writing to the Court. This is particularly troubling since Defendants' "status report" ignores the previously identified (and unresolved) deficiencies in Defendants' own document production and discovery responses. Defendants' representation that the "majority of discovery disputes have been resolved" is simply not accurate.

The clear implication of Defendants' "status report" is that all discovery issues have been resolved, except for: (i) the retainer agreements between Plaintiffs and their counsel; and (ii) the order and timing of the depositions that will take place. However, Defendants' one-sided account fails to address the fact that Defendants have not fulfilled their document discovery obligations. In particular:

- During the parties' January 13, 2010 meet and confer, Defendants agreed to produce earlier versions of responsive documents (if any exist) that are currently available on the Town's website (www.townofmorristownny.org). Plaintiffs confirmed Defendants' agreement in a letter dated January 14, 2010, which is annexed hereto as Exhibit 1. To date, we have not received any such documents, or a representation from Defendants that they do not exist.

- Also during the parties' January 13, 2010 meet and confer, Defendants agreed to produce a full copy of any applicable insurance policy, which should have been produced in connection with Defendants' initial disclosures pursuant to Fed. R. Civ. Pro. 26(a). Defendants have only produced a one-page declaration for an applicable insurance policy.

- In our January 25, 2010 letter to Defendants, we advised Defendants that Plaintiffs' Document Requests served on Defendant Davis, particularly in respect to Request No. 69, are not limited to documents held and/or obtained in her "official capacity." Rather, Plaintiffs requested that Defendants provide any and all documents responsive to these requests, whether or not she contends that they are held or obtained in her "personal" or

# Proskauer»

Hon. George H. Lowe
February 9, 2010
Page 2

"official" capacity.  Defendants' proffered "official"/"personal" distinction is not well taken in this case, where evidence of Ms. Davis's anti-Amish animus is of significance.  To date, Defendants have not responded to Request No. 69.  A copy of Plaintiffs' January 25, 2010 letter is annexed hereto as Exhibit 2.

- In the January 25, 2010 letter, Plaintiffs also requested that Defendants produce documents in response to Plaintiffs' Document Request Nos. 51 and 57, which call for the production of documents concerning costs associated with criminal cases against the Plaintiffs and their affirmative defenses, respectively.  Defendants' response briefly states that "to the extent such documents exist, Defendants reserve the right to supplement their response to this request."  Because document discovery closed on January 31, 2010, per Your Honor's Order, Plaintiffs are entitled to know whether, at this time, Defendants have documents responsive to these requests.

- Also in the January 25, 2010 letter, Plaintiffs advised Defendants that because Defendants failed to respond to Plaintiffs' First Request for Interrogatories within the time permitted by the Federal Rules of Civil Procedure, Defendants have waived any objections to these interrogatories.  Further, Defendants have not responded to one or more of Plaintiffs' interrogatories, *i.e.*, Interrogatory Nos. 2, 5, 6, 7 and 16.  Accordingly, Plaintiffs requested that Defendants provide complete responses forthwith.  To date, Defendants have still not responded to this request.

- Defendants also object to Plaintiffs' document request number 28 on grounds that the request is irrelevant and overly broad.  This requests calls for the production of: "All Documents relating to Defendants' knowledge of Amish religious beliefs and practices including but not limited to Documents which relate to Defendants' knowledge of how Amish religious beliefs and practices relate to the Building Code and other Local Laws."  There is nothing irrelevant or overbroad in this request.  Indeed, one of Plaintiffs' principal allegations is that the enforcement of applicable laws discriminates against Plaintiffs based on their religious beliefs.  We request that the Court compel Defendants to produce all documents responsive to this request.

We also note that on January 22, 2010, Defendants produced approximately 2500 documents and Plaintiffs have not yet had an opportunity to review all of them in sufficient detail.  Upon a complete review of these documents, Plaintiffs will advise Defendants as to whether additional issues exist.

As for the issues identified in Defendants' "status report" to the Court, Defendants' request for the retainer agreements between Plaintiffs and our firm, and the retainer agreements between Plaintiffs and Becket, are plainly irrelevant.  In fact, the only claim of relevance proffered by Defendants is that the retainer agreements somehow bear on Plaintiffs' claim for attorneys' fees (although Defendants do not explain how or why this is allegedly so).  In fact, fee awards under 28 U.S.C. § 1988 are calculated based upon reasonable market rates, rather than the retainer

Proskauer≫

Hon. George H. Lowe
February 9, 2010
Page 3

agreement with the client, in order to encourage attorneys to take on civil rights cases for little or no remuneration. *See, e.g.*, *Blum v. Stevenson,* 465 U.S. 886, 895-96 (1984). In any event, even if the retainer agreements were somehow relevant to a fee award, Plaintiffs submit that there is no need for the production of these agreements until after there is a finding of liability in the case.

Defendants' discussion of issues concerning deposition discovery grossly mischaracterizes the parties' recent discussions and correspondence on the issue. During the parties' January 13 meet and confer, the parties agreed that, given the number of depositions that would likely take place in this matter and the need for all counsel to travel to St. Lawrence County for the depositions, they would schedule two to three day blocks of time beginning in March and April 2010 to conduct depositions of parties and non-party witnesses. Although Plaintiffs offered to serve formal deposition notices on Defendants, Defendants' counsel, Gregg Johnson, stated that formal deposition notices would not be necessary. In the event Defendants have now had a change of heart, we would be happy to serve formal notices on Defendants as soon as the parties have determined mutually convenient dates for the Defendants' depositions.

Plaintiffs also suggested during the meet and confer that the parties alternate the taking of depositions of Plaintiffs and Defendants. Defendants rejected this proposal, taking the position that they have "priority" and that all of the Plaintiffs must be deposed before we can depose a single Defendant. As we explained to Defendants during our meet and confer, there is no "priority" rule under the Federal Rules of Civil Procedure. Moreover, any "delay" in noticing the depositions of Defendants has been solely attributable to Defendants' delay in producing documents to Plaintiffs, which, as stated above, remains incomplete. Although we have no objection to Defendants taking the depositions of *some* of the Plaintiffs before any Defendants are deposed, Defendants' position that *no* Defendant can be deposed before *all* Plaintiffs have been deposed is neither equitable nor in keeping with typical practice.

Finally, with respect to the length of Plaintiffs' depositions, Plaintiffs' letter to the Court is the first time that Defendants have articulated this alleged concern. Plaintiffs submit that Defendants' request is, at best, premature. Indeed, Defendants admit as much, stating that they "may" need more time than the Federal Rules of Civil Procedure permit. Plaintiffs understand that the need for a translator in some cases may result in a deposition taking more than the seven hours allotted by the Rules and are amenable to working with Defendants on a case-by-case basis. As for the number of depositions, we have no objection to Defendants deposing each of the thirteen Plaintiffs as long as Plaintiffs are permitted to depose the nine individuals named as Defendants and/or identified in Defendants' initial disclosure statement as well conduct Rule 30(b)(6) depositions to the extent the individuals identified by Defendants are not familiar with the certain issues relevant to the litigation.

*          *          *

# Proskauer≫

Hon. George H. Lowe
February 9, 2010
Page 4

We remain willing to continue to work with Defendants in an effort to resolve these issues without the Court's involvement.  If Defendants are unwilling to negotiate further — as appears to be the case — then we will make ourselves available for a conference at the Court's convenience.

Respectfully,

Daniel P. Goldberger

Enclosures

cc: <u>All By Email</u>
Gregg T. Johnson, Esq.
Jacinda H. Conboy, Esq.
Lori Windham, Esq.
Michael T. Mervis, Esq.
Jason D. Gerstein, Esq.
Russell L. Hirschhorn, Esq.
Rachelle L. LaRoche, Esq.

# EXHIBIT 3

## Goldberger, Daniel P.

---

**From:** ecf.notification@nynd.uscourts.gov

**Sent:** Monday, March 01, 2010 5:05 PM

**To:** NYND_ECFQC@nynd.uscourts.gov

**Subject:** Activity in Case 7:09-cv-00007-NPM-GHL Yoder, et al v. Town of Morristown, et al Status Conference

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Northern District of New York - Main Office (Syracuse) [LIVE - Version 4.0.3]

## Notice of Electronic Filing

The following transaction was entered on 3/1/2010 at 5:04 PM EST and filed on 2/26/2010
**Case Name:**        Yoder, et al v. Town of Morristown, et al
**Case Number:**      7:09-cv-00007-NPM-GHL
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**TEXT Minute Entry for proceedings held before Magistrate Judge George H. Lowe: Status Conference held on 2/26/2010. Appearances: Daniel Goldberger, Esq., Jason Gerstein, Esq. and Lori Windham, Esq. for Plaintiffs; Jacinda Conboy, Esq. for Defendants. Judge Lowe reviews Ms. Conboy's 2/26/10 letter with counsel. Issue no. 1 is resolved - Plaintiffs will come up with a time line and Defendants will produce the requested documents. Issue no. 2 is resolved. Issue no. 3 - Judge Lowe does not find that Defendants have waived their objections. Ms. Conboy will supplement Interrogatories 2, 5, 6 and if possible 7. The objections to Interrogatory 16 are sustained. Issue no. 4 is resolved. Issue No. 5 - Judge Lowe denies the request for copies of retainers. Defendants may submit letter briefs on this issue and Plaintiffs will be given a chance to respond. Issue no. 6 - counsel will alternate the depositions. Ms. Conboy will provide a privilege log regarding communications by Andy Silver for this case. (FTR Recorded) (rjb, )**


**7:09-cv-00007-NPM-GHL Notice has been electronically mailed to:**

Christopher R. Lemire    crl@lemirejohnsonlaw.com

Daniel Goldberger    dgoldberger@proskauer.com

Eric C. Rassbach      erassbach@becketfund.org, bkemmy@becketfund.org

Gregg T. Johnson      gtj@lemirejohnsonlaw.com, debbie@lemirejohnsonlaw.com,
dmb@lemirejohnsonlaw.com, jhc@lemirejohnsonlaw.com, Nowhiners2@aol.com

Jacinda Hall Conboy      jhc@lemirejohnsonlaw.com, debbie@lemirejohnsonlaw.com,
gtj@lemirejohnsonlaw.com

Jason Gerstein      jgerstein@proskauer.com

Lori H. Windham      lwindham@becketfund.org, bkemmy@becketfund.org

Michael T. Mervis      mmervis@proskauer.com, LSOSDNY@proskauer.com

Rachelle L. Laroche      rlaroche@proskauer.com

Russell L. Hirschhorn      rhirschhorn@proskauer.com, LSONDNY@proskauer.com

**7:09-cv-00007-NPM-GHL Notice has been delivered by other means to:**

# EXHIBIT 4



**BOARD OF ADVISORS**

Hon. William P. Barr
Former Attorney General
of the United States

Prof. Stephen L. Carter
Yale Law School

His Eminence
Francis Cardinal George, O.M.I.,
Archbishop of Chicago

Hon. Orrin G. Hatch
United States Senator

Prof. Douglas Laycock
University of Michigan Law School

Rev. Richard John Neuhaus[†]

Eunice Kennedy Shriver[†]

Sargent Shriver
Chairman of the Board,
Special Olympics International

Dr. Ronald B. Sobel
Senior Rabbi, Congregation Emanu-El
of the City of New York

John M. Templeton, Jr., M.D.
Bryn Mawr, Pennsylvania

April 22, 2010

## **By Electronic Mail and First Class Mail**

Jacinda H. Conboy, Esq.
Lemire Johnson, LLC
2534 Route 9
P.O. Box 2485
Malta, NY 12020

Dear Ms. Conboy:

We write to follow-up on our discussion during the telephone hearing held on February 26, 2010 and in Mr. Goldberger's subsequent March 5 email to you. As you recognized by sending us an additional document on April 20, document discovery is not stayed, and we want to ensure that the outstanding discovery issues are resolved so that depositions may proceed in a timely manner after the stay of depositions is lifted.

Our records reflect that the following five issues remain outstanding:

1.      We have not received the privilege log promised to Plaintiffs during the February 26th hearing.

2.      During the February 26th hearing, you stated that a forensic expert had been retained to ensure that Defendants' computers were searched thoroughly for responsive documents. Please provide us with any additional responsive documents that have been identified.

3.      We have not received Defendants' supplemental responses to Interrogatories 2, 5, 6, and 7, as required by Magistrate Judge Lowe during the February 26th hearing.

4.      In Mr. Goldberger's March 5 email, he identified several gaps in the Bates numbers of documents provided to us during discovery and requested that the documents bearing those Bates numbers be produced, or an explanation for the gaps be provided, but we have yet to receive a response from Defendants.

3000 K St., NW, Suite 220
Washington, DC 20007-5109
Phone: 202-955-0095
Fax: 202-955-0090
*www.becketfund.org*

Jacinda H. Conboy
Page 2 of 2
April 22, 2010


5.      At the February 26th hearing, we discussed the production of certain Town documents, which you had objected were too voluminous because of the timeframe requested. As Mr. Goldberger confirmed in his March 5 email, Plaintiffs seek the production of town documents dating to January 1, 2000.

Please provide Defendants' responses and documents, to the extent they exist, no later than April 28. In the event you have any questions, please do not hesitate to contact me.

Sincerely,

Lori H. Windham
Senior Counsel


cc:     Russell L. Hirschhorn
        Daniel P. Goldberger
        Jason D. Gerstein
        Michael Mervis
        Eric Rassbach
        Rachelle L. Laroche

# EXHIBIT 5



## Proskauer»

Proskauer Rose LLP   1585 Broadway   New York, NY 10036-8299

May 7, 2010

**By ECF**

Jason D. Gerstein
Attorney at Law

d 212.969.3134
f 212.969.2900
jgerstein@proskauer.com
www.proskauer.com

The Honorable George H. Lowe
United States Magistrate Judge
U.S. District Court for the Northern District of New York
P.O. Box 7346
Syracuse, New York 13261-7346

Re: *Yoder, et al. v. Town of Morristown, et al.*, Civil Case No.: 09-cv-00007 (TJM/GHL)

Dear Judge Lowe:

We, along with our co-counsel, the Becket Fund For Religious Liberty, represent the Plaintiffs in the above-referenced matter and write pursuant to Local Rule 7.1(b)(2) to request a conference before your Honor. The reason for this request is because Defendants have failed to comply with the Court's February 26, 2010 Order requiring Defendants to:

(1)   Produce a privilege log.

(2)   Provide any additional responsive documents identified as a result of Defendant's thorough forensic search of their computers.

(3)   Provide supplemental responses to Plaintiffs' Interrogatories 2, 5, 6 and 7. These Interrogatories request: identification of the documents Defendants intend to use at trial to support the defenses set forth in their Answer (Interrogatory 2); a description of the "compelling governmental interest" that Defendants reference in Paragraph 177 of their Answer (Interrogatory 5); a description of the means Defendants used to identify and further any "compelling governmental interest" (Interrogatory 6); and a listing and description of all the inspections Defendants conducted pursuant to the Building Code (Interrogatory 7).

(4)   Produce documents responsive to Plaintiffs' document requests pursuant to a time period to be provided by Plaintiffs after the February 26, 2010 conference.

We have attempted to confer in good faith with Defendants' counsel on multiple occasions:

By email dated March 5, 2010, Plaintiffs requested, pursuant to (4) above, that Defendants produce documents responsive to Plaintiffs' documents from January 1, 2000 through the present, and also requested that Defendants explain Bates number gaps in their earlier document production. *See* Exhibit 1. *Defendants provided no response.*

# Proskauer≫

The Honorable George H. Lowe
Page 2 of 3
May 7, 2010

By letter dated April 22, 2010, Plaintiffs reminded Defendants that they had not yet complied with the Court's February 26, 2010 Order and requested that they do so by April 28, 2010. *See* Exhibit 2.

Two months after the Court's Order, on April 26, 2010, Defendants first requested a telephone conference for the following week "to discuss the issues set forth in [Plaintiffs' April 22] letter as well as a reasonable timetable for responses." *See* Exhibit 3.

Plaintiffs responded by email on April 28, 2010, stating that they were available on May 5, 2010 to confer with Defendants about the gaps in Defendants' document production, but that Defendants should comply with the Court's Order by May 4, 2010. *See* Exhibit 4.

Defendants did not respond until the afternoon of May 5, 2010 and stated that they would not produce any documents before May 14, 2010 and would not fully comply with the Court's Order until June 30, 2010. Defendants also objected for the first time to Plaintiffs' request for documents relating back to January 1, 2000 on the grounds that they were not "relevant." *See* Exhibit 5.

On May 6, 2010, Plaintiffs responded, stating that: (a) having had two and a half months to comply with the Court's Order, another two month delay was unreasonable; (b) Defendants still have not provided *any* explanation for the Bates number gaps in their document production; and (c) Defendants' objection to producing documents relating back to January 2000 was unfounded because the Amish have resided in the area for over thirty years and, in any event, even if they had not, the requested documents would lead to relevant evidence establishing the Town's policies and procedures and enforcement thereof. Finally, Plaintiffs requested confirmation by noon, May 7, 2010, that Defendants will fully comply with the Court's February 26 Order by May 14. *See* Exhibit 6. *Defendants have not responded.*

Because it has been approximately two and a half months since the Court's February 26, 2010 Order, and Defendants have stated that they will not comply completely until June 30, 2010, we respectfully request a conference before your Honor pursuant to Local Rule 7.1(b)(2).

We thank the Court for its attention to this matter.

Respectfully,

*Jason D. Gerstein* /RLL

Jason D. Gerstein

cc:    <u>All By Electronic Case Filing & Electronic Mail</u>

Gregg T. Johnson, Esq.
Jacinda H. Conboy, Esq.

Proskauer»

The Honorable George H. Lowe
Page 3 of 3
May 7, 2010

      Lori H. Windham, Esq.
      Eric C. Rassbach, Esq.
      Michael T. Mervis, Esq.
      Russell L. Hirschhorn, Esq.
      Jason D. Gerstein, Esq.
      Daniel P. Goldberger, Esq.
      Rachelle L. Laroche, Esq.

# EXHIBIT 6

**Goldberger, Daniel P.**

| | |
|---|---|
| **From:** | Jacinda Conboy [jhc@lemirejohnsonlaw.com] |
| **Sent:** | Tuesday, June 15, 2010 8:39 AM |
| **To:** | Lori Windham; Goldberger, Daniel P. |
| **Cc:** | Jacinda Conboy |
| **Subject:** | Yoder |
| **Attachments:** | Jacinda Conboy.vcf |

Counselors,

  I am still reviewing the documents on Ms. Davis' personal computer.  The size of the documents are increasingly long which has made my review significantly longer than I anticipated.  I hope to have my review completed in the near future and to the extent anything is discovered that has not been previously produced I will produce the same to you promptly.

**Jacinda H. Conboy, Esq.**
LEMIRE JOHNSON, LLC
*Attorneys at Law*
2534 Rte. 9, PO Box 2485
Malta, NY 12020
phone 518.899.5700
fax 518.899.5487
email: jhc@lemirejohnsonlaw.com

This electronic message contains information that may be legally confidential and/or privileged.  The information is intended solely for the individual or entity named above and access by anyone else is unauthorized.  If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents of this information is prohibited and may be unlawful.  If you have received this electronic transmission in error, please reply immediately to the sender and then delete the message.

# EXHIBIT 7



Proskauer Rose LLP   1585 Broadway   New York, NY 10036-8299

July 23, 2010

Jason D. Gerstein
Attorney at Law
d 212.969.3134
f 212.969.2900
jgerstein@proskauer.com
www.proskauer.com

By Email

Jacinda Conboy, Esq.
Lemire Johnson LLC
2534 Route 9, P.O. Box 2485
Malta, NY 12020

Re: _Yoder, et al. v. Morristown, et al._, No. 09-cv-0007 (TJM/GHL)

Dear Jacinda:

We write in response to your July 15, 2010 letter, as well as to address ongoing deficiencies concerning Defendants' discovery obligations.

In response to your inquiry about Marianne and David Fisher, please be advised that their communications have been appropriately identified on Plaintiffs' privilege log. The Fishers have acted as agents — consulting and translating — for Plaintiffs' counsel in connection with the above-referenced litigation, and thus their communications with Plaintiffs are protected by the attorney-client privilege and/or are attorney work product. *See, e.g.*, *United States v. Kovel,* 296 F.2d 918 (2d Cir. 1961) ("[T]he privilege must include all the persons who act as the attorney's agents."); *Hudson Ins. Co. v. Oppenheim*, 2010 NY Slip Op 2871, 1 (1st Dep't 2010) ("The privilege extends to communications of 'one serving as an agent of either attorney or client.'"). Please also be advised that Mahon Clemens is an attorney with Lekki, Hill, Fischer & Duprey, who assisted the Amish prior to our involvement with the case.

Separately, we remind you that although the Court directed the parties to refrain from taking any depositions until after it ruled on Defendants' pending motion, document discovery has *not* been stayed. (We assume you have the same understanding of the Court's order in light of your July 15, 2010 letter requesting information about Plaintiffs' privilege log.) Nevertheless, Defendants have failed to comply with the Court's order, first on February 26, 2010 and then more recently on May 24, 2010, that Defendants produce (on a rolling basis) all remaining electronic documents. To date, we have received only 305 documents. Defendants also have not responded to Plaintiffs' June 3, 2010 letter in which we identified numerous deficiencies in Defendants' privilege log.

Please immediately advise when Defendants' document production will be completed and a response to Plaintiffs' June 3 letter will be forthcoming. If it is not in the very near future, we will request yet another conference with the Court on this issue.

# Proskauer»

Jacinda Conboy, Esq.
July 23, 2010
Page 2

We look forward to receiving your response.

Sincerely,

Jason D. Gerstein

cc:    Michael T. Mervis, Esq.
       Russell L. Hirschhorn, Esq.
       Daniel P. Goldberger, Esq.
       Lori Windham, Esq.
       Eric Rassbach, Esq.
       Rachelle L. Laroche, Esq.

# EXHIBIT 8



**BOARD OF ADVISORS**

Hon. William P. Barr
Former Attorney General
of the United States

Prof. Stephen L. Carter
Yale Law School

His Eminence
Francis Cardinal George, O.M.I.,
Archbishop of Chicago

Hon. Orrin G. Hatch
United States Senator

Prof. Douglas Laycock
University of Michigan Law School

Rev. Richard John Neuhaus†

Eunice Kennedy Shriver†

Sargent Shriver
Chairman of the Board,
Special Olympics International

Dr. Ronald B. Sobel
Senior Rabbi, Congregation Emanu-El
of the City of New York

John M. Templeton, Jr., M.D.
Bryn Mawr, Pennsylvania

May 19, 2010

**By Electronic Mail**

Jacinda H. Conboy
Lemire Johnson, LLC
2534 Route 9
P.O. Box 2485
Malta, NY 12020

Dear Jacinda:

We are in receipt of Defendants' Privilege Log and Amended Privilege Log, received on May 12 and May 17, respectively.

Please be advised that Plaintiffs do not believe that these documents comply with the requirements set forth in Fed. R. Civ. P. 26(b)(5). In particular, Defendants' Amended Privilege Log does not "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). Compliance with the Rules requires Defendants to do more than merely identify the type of document and the parties to the communication. *See*, *e.g.*, *Crawford* v. *Franklin Credit Mgmt. Corp.*, 261 F.R.D. 34, 42-43 (S.D.N.Y. 2009); *Trudeau* v. *New York State Consumer Prot. Bd.*, 237 F.R.D. 325, 334-35 (N.D.N.Y. 2006).

Accordingly, we request that Defendants produce a Second Amended Privilege Log that complies with the Rules prior to the Court conference scheduled for Monday, May 24, 2010.

Sincerely,

Lori H. Windham

3000 K St., NW, Suite 220
Washington, DC 20007-5109
Phone: 202-955-0095
Fax: 202-955-0090
*www.becketfund.org*

# EXHIBIT 9



**Proskauer»** Proskauer Rose LLP   1585 Broadway   New York, NY 10036-8299

Jason D. Gerstein
Attorney at Law
d 212.969.3134
f 212.969.2900
jgerstein@proskauer.com
www.proskauer.com

June 3, 2010

By Email

Jacinda Conboy, Esq.
Lemire Johnson LLC
2534 Route 9, P.O. Box 2485
Malta, NY 12020

Re: *Yoder, et al. v. Morristown, et al.*, No. 09-cv-0007 (TJM/GHL)

Dear Jacinda:

Pursuant to our discussion and Magistrate Judge Lowe's request at the May 24, 2010 Court conference, we are writing to identify the deficiencies in Defendants' Amended and Second Amended Privilege Logs, dated May 17, 2010 and May 20, 2010, respectively.

(1)  Insufficient Descriptions

The descriptions provided in Defendants' Second Amended Privilege Log do not comply with the requirements set forth in Fed. R. Civ. P. 26(b)(5).  Pursuant to the Federal Rules of Civil Procedure, Defendants' descriptions of documents should provide Plaintiffs with an understanding of what the document is about without divulging the privileged communication.  It is not enough to merely identify the type of document and the parties to the communication.  *See e.g.*, *Crawford v. Franklin Credit Mgmt. Corp.*, 261 F.R.D. 34, 42-43 (S.D.N.Y. 2009); *Trudeau v. New York State Consumer Prot. Bd.*, 237 F.R.D. 325, 334-35 (N.D.N.Y 2006).

Defendants' inadequate descriptions have prevented Plaintiffs from determining the applicability of the privilege to each logged document.  For example, Defendants describe a certain facsimile cover sheet as regarding "Town of Morristown v. Beverly Morley."  Other entries refer generally to "pending legal actions" or "status of legal matter."  Plaintiffs have no way of knowing what subjects these documents even relate to and why they are relevant, let alone whether these documents are actually privileged.[1]  We request that Defendants provide descriptions sufficient to understand the nature of these documents.

(2)  Improper Claims to Privilege

There are several documents, including invoices and facsimile cover sheets, that are improperly withheld as privileged.  *See Diversified Group, Inc. v. Daugerdas*, 304 F. Supp. 2d 507, 514

---

[1] It is also unclear as to whether non-privileged documents relating to these subjects have been produced.

Proskauer≫

Jacinda Conboy, Esq.
June 3, 2010
Page 2

(S.D.N.Y. 2003); *P&B Marina, Ltd. Partnership v. Logrande*, 136 F.R.D. 50, 54 (E.D.N.Y. 1991), *aff'd*, 983 F.2d 1047 (2d Cir. 1992); *Paramount Packaging Corp. v. Triple R Industries, Inc.*, No. 87-CV-18, 1988 U.S. Dist. LEXIS 1365 at *5 (N.D.N.Y. February 19, 1988).  Invoices should be produced with a redaction covering any privileged description of legal services rendered, and each invoice should be separately identified.  Defendants also fail to identify what documents, if any, were attached to the withheld facsimile cover sheets.  If the attachments are privileged, the privilege log should reflect that information.  If the attachments are not privileged or require redactions, they should be produced promptly.

In addition, Plaintiffs do not believe that communications between Kay Davis and Frederick E. Paddock are privileged.  It is our understanding that Mr. Paddock is an attorney for the Town of Hammond and Ms. Davis is employed by the Town of Morristown, and was employed in this capacity on April 26, 2007, at the time of the logged communication.  Therefore, there does not appear to be any attorney-client relationship between Mr. Paddock and Ms. Davis.

(3)  Number of Entries

Although Defendants' Amended Privilege Log lists ten privileged documents, Defendants' Second Amended Privilege Log lists only nine privileged documents.  Please provide us with an explanation for this discrepancy or promptly produce the document (or, if already produced, identify the bates number of the document).  In addition, please confirm that Defendants' Second Amended Privilege Log represents all privileged documents covering the period from January 1, 2000 to January 6, 2009.

We ask that you correct or explain the above deficiencies and produce a Third Amended Privilege Log that complies with the Rules, along with any documents incorrectly withheld, by June 11, 2010.

Sincerely,

Jason D. Gerstein

cc:    Michael T. Mervis, Esq.
       Russell L. Hirschhorn, Esq.
       Daniel P. Goldberger, Esq.
       Lori Windham, Esq.
       Eric Rassbach, Esq.
       Rachelle L. Laroche, Esq.

# EXHIBIT 10

# LEMIRE JOHNSON, LLC

## Attorneys at Law

2534 Route 9, P.O. Box 2485, Malta, NY 12020
518.899.5700 ~ 518.793.9005
Fax 518.899.5487

July 15, 2010

*Via Electronic Mail Only*

Lori Windham, Esq.
The Beckett Fund for Religious Liberty
3000 K Street
Washington, D.C.  20007

Re:   <u>Yoder, et al. v. Town of Morristown, et al.</u>
      Civil Case No.;        **09-cv-0007 (NPM/GHL)**

Dear Lori:

Plaintiffs' Privilege Log identifies communications between your clients and Marianne Fischer and/or David Fischer as Attorney-Client communications. Please advise if Mr. and Ms. Fisher are attorneys and if and when they represented your clients. Please also advise if Mahon Clemens is an attorney and when he represented your clients.

Thank you.

Very truly yours,

LEMIRE JOHNSON, LLC

Jacinda H. Conboy
Jhc@lemirejohnsonlaw.com

JHC:dl
cc:   Daniel Goldberger, Esq.