# LEMIRE JOHNSON, LLC

Attorneys at Law

2534 Route 9, P.O. Box 2485, Malta, NY 12020
518.899.5700 ~ 518.793.9005
Fax 518.899.5487

August 18, 2010

***Via ECF***
Honorable George H. Lowe
United States Magistrate Judge
United States Federal Court
Northern District of New York
Syracuse, New York 13261

**Re:** **Yoder, et al. v. Town of Morristown, et al.**
     **Civil Case No.:**     **09 Civ. 007 (TJM/GHL)**

Your Honor:

We write in response to Plaintiffs' correspondence to the Court dated August 13, 2010.

**Discovery:**

First, Defendants have produced all documents in response to document demand number 69 and in fact, Defendants have produced well beyond what was requested in Plaintiff's demand number #69.

Plaintiff's demand No. 69 states:

*All documents reflecting communications between you, David Yoder, the proprietor of AmishDeception.com and AmishAbuse.com.*

All such documents were first produced on January 22, 2010 in accordance with this Court's order. As the Court may recall Plaintiffs made the same allegation on or about February 26, 2010, namely that Defendants had failed to comply with discovery demands and sought to have Defendants objections stricken, which this Court denied on the basis that Defendants had complied with this Court's Order.

As the Court may also recall, in response to Plaintiffs' continued allegations, (without any evidence to support the same), that Defendants had failed to comply with discovery - namely, that Defendants had failed to produce relevant electronic documents on Kay Davis' personal computer, Defendants hired a forensic expert to search what our client had already searched (and produced). Those relevant documents extracted by our forensic expert, some of which had been previously produced, were produced on July 1, 2010. Thus, Defendants have fully complied with the Court's

LEMIRE JOHNSON, LLC
Yoder, et al. v. Town of Morristown, et al.
Page 2
August 18, 2010

Order and their obligations under the FRCP. In fact, by virtue of the documents produced, Defendants have produced well beyond Plaintiff's document demand no. "69". To the extent that the Court would like to review the documents disclosed, we will gladly produce a disk containing all of the electronic documents produced for the Court's review.

Plaintiffs' accusations that Defendants have failed to comply with discovery is baseless. Moreover, the repeated nature of those allegations are unwarranted and a waste of the Court's resources.

### Defendants' Privilege Log:

Defendants produced a privilege log on or about May 12, 2010. Defendants submit that their privilege log is sufficiently descriptive. Moreover, Defendants' privilege log is more descriptive than Plaintiff's privilege log.

Furthermore, Plaintiffs have no basis upon which to challenge the attorney/client relationship between Plaintiff and Attorney Frederick E. Paddock. Plaintiffs are well aware that their own document demand requested "*all Documents and/or communications relating to your work as a code enforcement officer in the Town of Hammond*". Simply because Plaintiff no longer works in the Town of Hammond does not mean that she did not and does not have an attorney/client relationship between herself and the Attorney for the Town of Hammond.

### Plaintiffs' Privilege Log:

Defendants also have objections to Plaintiffs' privilege log. First, if this Court finds that Defendants' privilege log is not sufficiently descriptive, then we request that Plaintiffs be held to the same level of precision with their descriptions as Defendants.

Second, Defendants object to the claim of attorney-client privilege between Plaintiffs and non-attorneys - Marianne Fisher and David Fisher. In order for the privilege to attach to communications between Plaintiffs and third parties (who are not attorneys), Plaintiffs have the burden of establishing that: (1) the client had a reasonable expectation of privacy with respect to the communication to the third party"; and (2) the privilege holder 'must establish that the disclosure to a third party...was necessary for the client to obtain informed legal advice." *Green*, 2010 US. Dist. LEXIS at *8 (*citations omitted*). "The necessity element means more than just useful and convenient, but rather requires that the involvement of the third party be nearly indispensable or serve some specialized purpose in facilitating the attorney-client communication." *Id.*; *See, United States of America v. Ackert et. al.*, 169 F.3d 136, 139 (2d Cir 1999). Many of the communications between Plaintiff and Marianne Fisher and/or David Fisher predate this action and/or are undated. Thus, Plaintiffs have failed to establish that either Mr. or Mrs. Fisher were agents of Plaintiffs' current counsel. In addition, Plaintiffs have failed to produce any evidence that Marianne and David Fisher

LEMIRE JOHNSON, LLC
Yoder, et al. v. Town of Morristown, et al.
Page 3
August 18, 2010

are qualified as translators or were hired by Plaintiffs' counsel or were assisting Plaintiffs' counsel in rendering advice to the Plaintiffs. *Green v. Beer*, 2010 U.S. Dist. LEXIS 65974, *7 (SDNY 2010). Furthermore, Defendants submit that many of the Plaintiffs speak English well and testified at the local proceedings without the use of a translator. Thus, even if Marianne and/or David Fisher facilitated conversation between Plaintiff and their counsel, Plaintiffs have failed to establish that such was necessary and was nothing more than merely convenient. It is respectfully submitted that Plaintiffs have not satisfied their burden of establishing that such communications were privileged and such document should be disclosed or submitted to the Court for an *in camera* review and determination.

### Settlement Discussions:

Finally, by correspondence dated July 21, 2010 Plaintiffs wrote to Defendants and provided some information regarding Plaintiffs' building methods as directed by the Court. Defendants responded to Plaintiffs on August 4, 2010, requested additional information and suggested that a joint letter be written to the Court as it appears that many issues are likely to be resolved. Defendants have not had any response to such correspondence. As both parties have identified such correspondence as confidential settlement communications, I am not filing the same with the Court but request that the Court schedule an in-person settlement conference, or perhaps, the in person conference scheduled for September 2, 2010 can also be used to discuss settlement.

Thank you for the Court's anticipated attention to this request.

Respectfully submitted,

LEMIRE JOHNSON LLC

Jacinda H. Conboy (105383)
jhc@lemirejohnsonlaw.com

JHC:dl
cc:  Michael Mervis, Esq.
     Lori Windham, Esq.